DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of conviction and sentence entered by the Lucas County Court of Common Pleas, after defendant-appellant Marcus Torres pled guilty to one count of involuntary manslaughter. Appellant now challenges his sentence on appeal through the following assignment of error:
{¶ 2} "The trial court committed reversible error by failing to comply with Ohio Revised Code Sections 2929.19(B)(3)(c) and (e) at the sentencing hearing."
{¶ 3} On December 20, 2002, appellant entered a plea of guilty to one count of involuntary manslaughter in violation of R.C. 2903.04(A) and (C), a first degree felony. The court held a hearing at which it accepted appellant's plea and appellant signed a plea form. Subsequently, appellant was sentenced to a term of six years in prison. At the sentencing hearing, which took place on January 22, 2003, the trial court did not notify appellant that following his incarceration he would be subject to a mandatory five year term of post-release control and that if he violated the conditions of post-release control the parole board could impose a prison term of up to one-half of the prison term originally imposed. Appellant now asserts that the trial court's failure to comply with the notification requirements of R.C. 2929.19(B)(3)(c) and (e) requires that this case be remanded to the trial court for resentencing.
{¶ 4} R.C. 2967.28(B) provides in relevant part that "[e]ach sentence to a prison term for a felony of the first degree * * * shall include a requirement that the offender be subject to a period of post-release control imposed by the parole board after the offender's release from imprisonment. Unless reduced by the parole board pursuant to division (D) of this section when authorized under that division, a period of post-release control required by this division for an offender shall be of one of the following periods: (1) For a felony of the first degree * * * five years[.]" Paragraph (D)(2) then provides, however, that "[i]n no case shall the board reduce the duration of the period of control imposed by the court for an offense described in division (B)(1) of this section * * *." Accordingly, upon a conviction for a first degree felony, a mandatory five year period of post-release control is part of an offender's sentence.
{¶ 5} R.C. 2929.19(B)(3) mandates that "if the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court shall do all of the following:
{¶ 6} "* * *
{¶ 7} "(c) Notify the offender that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison if the offender is being sentenced for a felony of the first degree * * *.
{¶ 8} "* * *
{¶ 9} "(e) Notify the offender that, if a period of supervision is imposed following the offender's release from prison * * * and if the offender violates that supervision or a condition of post-release control * * * the parole board may impose a prison term, as part of the sentence, of up to one-half of the stated prison term originally imposed upon the offender."
{¶ 10} In Woods v. Telb (2000), 89 Ohio St.3d 504, paragraph two of the syllabus, the Supreme Court of Ohio set forth a broad rule regarding the necessity of advising offenders of post-release control when it held: "Pursuant to R.C. 2967.28(B) and (C), a trial court must inform the defendant at sentencing or at the time of a plea hearing that post-release control is part of the defendant's sentence." Accordingly, although R.C. 2929.19(B)(3) requires a court to notify an offender at sentencing that post-release control is part of his sentence, and of the ramifications of violating the terms of post-release control, the failure of a court to strictly comply with that statute is not fatal if the court has fully notified the offender at the time of the plea hearing.
{¶ 11} Following Woods, other appellate courts have recognized that in cases where an offender pleads guilty to an offense, the notification requirements of R.C. 2929.19(B) are met when the court informs the offender of them at the plea hearing. In State v. Madaris,156 Ohio App.3d 211, 2004-Ohio-653, at ¶ 17, the court explained the reasoning behind the usefulness of notifying an offender of post-release control at the plea hearing:
{¶ 12} "* * * R.C. 2929.19(B)(3) states that sanctions for violations of post-release control are `part of the sentence.' As part of the sentence, any additional prison term is a fortiori intertwined with the requirements of Crim.R. 11(C)(2)(a), which provides that before the trial court accepts a no-contest plea, it must first `address the defendant personally' and inform him of the `maximum penalty involved.' This language is rooted in considerations involving the voluntariness of the defendant's plea. Therefore, it is more appropriate to notify a defendant of post-release control and the consequences for a longer sentence when the defendant enters a plea rather than when sentence is imposed. See, e.g., State v. Johnson, 11th Dist. No. 2002-L-024, 2004-Ohio-331, * * * at ¶ 25."
{¶ 13} In the present case, the trial court clearly did not inform appellant at the sentencing hearing that a mandatory five year term of post-release control was part of his sentence or of the consequences of violating that post-release control. The court did make the following statement to appellant at the plea hearing:
{¶ 14} "THE COURT: This is a felony of the first degree, you've heard me tell the other defendant here?
{¶ 15} "DEFENDANT TORRES: Yes.
{¶ 16} "THE COURT: Prison term three, four, five, six, seven, eight, nine or ten years could be selected, and a prison term would be served day for day without any reduction. The only way that you could be allowed out sooner is if the judge allows you to or if at the end of the term, probation — or the parole department would put you on post-release control. That would be for five years. And during that time if you were to violate, you could be sent back to prison for up to one-half of the time that I originally gave you. Do you understand that concept?
{¶ 17} "DEFENDANT TORRES: Yes, ma'am."
{¶ 18} In our view, the trial court's statements regarding post-release control at the plea hearing did not adequately notify appellant that, because he was pleading guilty to a first degree felony, a five year term of post-release control was a mandatory part of his sentence. The court's statement suggests that post-release control was discretionary on the part of the parole department. That is simply not the case. In State v. Hoffman, 6th Dist. No. E-03-057, 2004-Ohio-6655, we held that because a trial court failed to notify an offender that he was subject to a mandatory five year term of post-release control, his sentence was statutorily incorrect. Similarly, in this case, the trial court's notification was inadequate and appellant's sentence must be vacated. The sole assignment of error is well-taken.
{¶ 19} Upon consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed in part and reversed in part. The sentence imposed by the trial court is vacated, and this case is remanded for resentencing. Appellee is ordered to pay the costs of this appeal for which sum judgment is rendered against appellee on behalf of Lucas County and for which execution is awarded. See App.R. 24.
JUDGMENT AFFIRMED IN PART AND REVERSED IN PART.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Pietrykowski, J., Parish, J., Concur.