DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Leslie Thrasher, appeals from a judgment of sentence entered against her by the Wood County Court of Common Pleas in the above-captioned case. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} Appellant pled guilty to two counts of rape. On June 20, 2005, the trial court sentenced her to serve eight years in prison on each count, with the terms for each *Page 2 
to be served concurrently. On April 7, 2006, this court reversed that sentence and remanded the case for a new sentencing hearing pursuant toState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. Upon resentencing, the trial court imposed the identical sentence. Appellant appeals this sentence, raising the following as her sole assignment of error:
 {¶ 3} I. "THE IMPOSITION OF AN ABOVE THE MINIMUM TERM OF INCARCERATION UNDER THE AUTHORITY OF STATE V. FOSTER WAS CONTRARY TO LAW."
 {¶ 4} Appellant argues that the trial court imposed an unlawful sentence because the severance remedy outlined in Foster, supra, violates: 1) the legislative intent of Senate Bill 2; 2) principles of due process; and 3) the Ex Post Facto clause of the United States Constitution.
 {¶ 5} Appellant states that these arguments are substantially the same as those that were made before the United States Supreme Court in Foster's petition for a writ of certiorari under "Andrew K. Foster v.State of Ohio, Filed (Jul. 11, 2006) (NO. 06-5969)." As appellant should now be aware, the United States Supreme Court denied that petition inFoster v. Ohio (2006), 127 S.Ct. 442, 166 L.Ed.2d 314.
 {¶ 6} Not only has the United States Supreme Court declined to review the matter, but the Ohio Supreme Court has likewise refused to reconsider its Foster decision in light of the Ex Post Facto and due process arguments. See State v. Foster, 109 Ohio St.3d 1408,2006-Ohio-1703 (Table, No. 2004-1568); State v. Quinones,109 Ohio St.3d 1408, 2006-Ohio-1703 (Table, No. 2004-1771). In Foster, itself, the Supreme Court of *Page 3 
Ohio expressly determined that the remedy of severance would best preserve — and would not detract from — the overriding objectives of the General Assembly in its enactment of Senate Bill 2. Foster, 109 Ohio St.3d, ¶ 98, 101, 102.
 {¶ 7} As an intermediate appellate court, we are bound by the Ohio Supreme Court's decision in Foster, and cannot overrule it or declare it unconstitutional. See State v. Sheets, 12th Dist. No. CA2006-04-032,2007-Ohio-1799, ¶ 16.
 {¶ 8} In addition, we note that this court has previously considered the Ex Post Facto and due process arguments, and has rejected them each time. See State v. Coleman, 6th Dist. No. S-06-023, 2007-Ohio-448;State v. Friess, 6th Dist. No. L-05-1307, 2007-Ohio-2030.
 {¶ 9} Appellant's eight-year terms, which were well within the three to ten year range for the offense of rape, were properly imposed. Accordingly, appellant's sole assignment of error is found not well-taken. {¶ 10} For all of the foregoing reasons, the judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Wood County.
 JUDGMENT AFFIRMED. *Page 4 
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4. Peter M. Handwork,J., JUDGE Arlene Singer, J., William J. Skow, J, CONCUR. *Page 1