DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Darek Lathan, appeals from a judgment of sentence entered against him by the Lucas County Court of Common Pleas. For the reasons that follow, we reverse the judgment of the trial court. *Page 2 
 {¶ 2} Lathan was indicted on April 10, 2000, on one count of aggravated robbery with a firearm specification and one count of kidnapping with a gun specification. He was tried and convicted on both charges. On appeal, this court reversed those convictions, and remanded the case for a new trial. At the second trial, Lathan was again convicted of aggravated robbery and kidnapping, but not of the gun specifications. The trial court imposed two concurrent six-year prison terms.
 {¶ 3} On appeal, Lathan's appellate counsel filed a brief pursuant toAnders v. California (1967), 386 U.S. 738, stating that there were no arguable issues on appeal and asking this court for permission to withdraw. The state cross-appealed, arguing that the trial court improperly relied on State v. Williams (Nov. 30, 2000), 6th Dist. Nos. L-00-1027, L-00-1028, when imposing sentence. This court granted counsel's motion to withdraw and ruled that the trial court should not have relied on State v. Williams, supra, in sentencing Lathan. However, this court affirmed the sentences because they were within the statutory range for Lathan's convictions.
 {¶ 4} Lathan filed a timely motion to reconsider pursuant to App.R. 26(A). This court granted the motion. This court then reversed Lathan's sentence in light of State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. On remand, the trial court imposed the same prison sentence, but failed to notify him at the sentencing hearing that he would be subject to a period of post-release control. Appellant is currently in prison, serving his sentence in this case. *Page 3 
 {¶ 5} Appellant, timely appealed the judgment of sentence, raising the following assignments of error:
 {¶ 6} I. "THE TRIAL COURT ERRED BY IMPOSING NON-MINIMUM PRISON SENTENCES."
 {¶ 7} II. "THE TRIAL COURT ERRED BY IMPOSING POST-RELEASE CONTROL."
 {¶ 8} Appellant argues in his first assignment of error that the imposition of non-minimum prison sentences under the authority ofFoster, supra, was contrary to law, not because the trial court failed to follow the mandate of the Ohio Supreme Court, but because the remedy prescribed in Foster violates the Ex Post Facto and Due Process Clauses of the Unites States Constitution.
 {¶ 9} As an intermediate appellate court, we are bound by the Ohio Supreme Court's decision in Foster, and cannot overrule it or declare it unconstitutional. State v. Thrasher, 6th Dist. No. WD-06-047,2007-Ohio-2838, ¶ 7. In addition, this court has previously considered the ex post facto and due process arguments, and has rejected them each time. Id., ¶ 8. Accordingly, appellant's first assignment of error is found not well-taken.
 {¶ 10} Appellant argues in his second assignment of error that the trial court erred by imposing post-release control. As grounds for this assignment of error, appellant argues that post-release control violates the separation of powers doctrine because amendments to the Revised Code that were enacted by Am. Sub. H.B. 137 permit the *Page 4 
executive branch of government to impose the sanction without a court order. See, e.g., R.C. 2929.14(F)(1); R.C. 2929.19(B)(3)(c); R.C.2967.28(B).
 {¶ 11} The amendments in question specifically provide that, for any sentence imposed on or after July 11, 2006, a trial court's failure to inform an offender of mandatory post-release control does not negate or otherwise affect the imposition of that sanction. See id. Lathan was resentenced on June 30, 2006. Because he was sentenced before July 11, 2006, the amendments that he refers to do not apply to him and, as a result, he has no standing to attack them. See State v. Bond, 1st Dist. No. C-060611, 2007-Ohio-4194, ¶ 7.
 {¶ 12} Our analysis does not end here, however. We note that the trial court erred when it failed to notify Lathan at the sentencing hearing that he would be subject to a period of post-release control. See R.C.2929.19(B)(3)(c) (providing that "if the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court shall * * * [n]otify the offender that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison if the offender is being sentenced for a felony of the first degree * * *.) R.C. 2929.191(A)(1) establishes a remedy for such an error where, as here, the offender was sentenced before July 11, 2006, and has not yet been released from prison, and provides that the court may hold a new hearing to "prepare and issue a correction to the judgment of conviction that includes in the judgment of conviction the statement that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison." Id.; see, also, *Page 5 State v. Cruzado, 111 Ohio St.3d 353, 2006-Ohio-5795, ¶ 29. The corrective hearing must be a full de novo resentencing hearing, rather than one in which the trial court merely provides the offender with notice of post-release control and summarily imposes the original sentence. State v. Bezak, 114 Ohio St.3d 94, 2007-Ohio-3250; see, also,State v. Brimer, 11th Dist. No. 2007-A-0012, 2007-Ohio-4767. For the foregoing reasons, appellant's second assignment of error is well-taken.
 {¶ 13} The judgment of the Lucas County Court of Common Pleas is reversed, and this case is remanded for resentencing consistent with this decision. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4. *Page 6 
 Arlene Singer, J., William J. Skow, J., Thomas J. Osowik, J., CONCUR. *Page 1