DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Darek Lathan, appeals from a judgment entered by the Lucas County Court of Common pleas denying his request for postconviction relief. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} Lathan was indicted on April 10, 2000, on one count of aggravated robbery with a firearm specification and one count of kidnapping with a gun specification. He *Page 2 
was tried and convicted on both charges. On appeal, this court reversed those convictions, and remanded the case for a new trial. At the second trial, Lathan was again convicted of aggravated robbery and kidnapping, but not of the gun specifications. The trial court imposed two concurrent six-year prison terms.
 {¶ 3} On appeal, Lathan's appellate counsel filed a brief pursuant toAnders v. California (1967), 386 U.S. 738, stating that there were no arguable issues on appeal and asking this court for permission to withdraw. The state cross-appealed, arguing that the trial court improperly relied on State v. Williams (Nov. 30, 2000), Lucas App. Nos. L-00-1027, L-00-1028, when imposing sentence. This court granted counsel's motion to withdraw and ruled that the trial court should not have relied on State v. Williams, supra, in sentencing Lathan. However, this court affirmed the sentences because they were within the statutory range for Lathan's convictions.
 {¶ 4} Lathan filed a timely motion to reconsider pursuant to App.R. 26(B). This court granted the motion. This court then reversed Lathan's sentence in light of State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. On remand, the trial court imposed the same prison sentence, but failed to notify him at the sentencing hearing that he would be subject to a period of post-release control. Appellant is currently in prison, serving the sentence imposed in this case.
 {¶ 5} On June 28, 2006, appellant filed a motion for postconviction relief in the trial court. In a judgment entry dated July 11, 2006, the trial court denied the motion. *Page 3 
Appellant, timely appealed the trial court's judgment, raising the following assignments of error:
 {¶ 6} I. "THE TRIAL COURT ERRED IN NOT GRANTING THE MOTION TO `ARREST JUDGMENT' OF THE TRIAL COURT DECISION TO NOT MODIFY THE `ILLEGAL' SENTENCE OF THE APPELLANT ON THE 30TH OF JUNE 2006."
 {¶ 7} II. "THE TRIAL COURT VIOLATED CRIM.R. 2921.45 AND 2921.52 AT THE RE-SENTENCING HEARING OF THE APPELLANT ON THE 30TH OF JUNE 2006."
 {¶ 8} III. "THE TRIAL COURT VIOLATED THE FEDERAL `EX POST FACTO' LAW AT THE RE-SENTENCING HEARING ON THE 30TH OF JUNE 2006."
 {¶ 9} IV. "THE TRIAL COURT VIOLATED THE FEDERAL `RES JUDICATA', `COLLATERAL ESTOPPEL,' AND `DOUBLE JEOPARDY' CLAUSES AT THE RE-SENTENCING HEARING OF THE APPELLANT ON THE 30TH OF JUNE 2006."
 {¶ 10} We begin by noting that this court assigned this case to the accelerated calendar at appellant's request. Pursuant to App.R. 11(E), the statement of the reasons for the court's decision as to each error may be in brief and conclusory form.
 {¶ 11} In each of his four assignments of error, appellant argues (either directly or by implication) that the imposition of non-minimum prison sentences under the authority of Foster, supra, was contrary to law, not because the trial court failed to follow the *Page 4 
mandate of the Ohio Supreme Court, but because the remedy prescribed inFoster was itself unconstitutional or otherwise unlawful.
 {¶ 12} As an intermediate appellate court, we are bound by the Ohio Supreme Court's decision in Foster, and cannot overrule it or declare it unconstitutional. State v. Thrasher, 6th Dist. No. WD-06-047,2007-Ohio-2838, ¶ 7. Accordingly, appellant's four assignments of error are all found not well-taken.
 {¶ 13} The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
 Arlene Singer, J., William J. Skow, J., Thomas J. Osowik, J. CONCUR. *Page 1