DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Jeffery L. Fitzgerald, appeals from his conviction for attempted receiving stolen property, a violation of R.C. 2923.02 and2913.51. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} On October 13, 2006, appellant was indicted on one count of grand theft of a motor vehicle and one count of receiving stolen property. On May 10, 2007, he entered *Page 2 
a guilty plea, pursuant to North Carolina v. Alford (1970), 400 U.S. 25, to one count of attempted receiving stolen property, a fifth degree felony. He was sentenced to 11 months in prison. He now appeals setting forth the following assignments of error:
 {¶ 3} "I. The trial court erred by not imposing the minimum sentence available.
 {¶ 4} "II. The Ohio Supreme Court's decision in State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856 violates the separation of powers."
 {¶ 5} In his first assignment of error, appellant contends his sentence is unnecessarily excessive. Specifically, appellant contends that his sentence did not conform to the state's recommendation of six months in prison.
 {¶ 6} Initially we note that the record shows and appellant concedes that the court informed him before taking his plea that the state's recommendation was not binding and that he could be sentenced up to 12 months in prison.
 {¶ 7} The Ohio Supreme Court in State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, at paragraph seven of the syllabus, held that "[t]rial courts have full discretion to impose a prison sentence within the statutory range * * *." An abuse of discretion implies that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983)5 Ohio St.3d 217; State v. Adams (1980), 62 Ohio St.2d 151. When applying an abuse of discretion standard, an appellate court may not generally substitute its judgment for that of the trial court. Pons v. Ohio StateMed. Bd. (1993), 66 Ohio St.3d 619. *Page 3 
 {¶ 8} The record shows that appellant had a lengthy criminal record which showed convictions for, among other things, auto theft, forgery, robbery, aggravated robbery, grand theft and escape. At the time of the instant offense, appellant was serving a community control sanction for the offense of theft in Wood County.
 {¶ 9} The sentencing range for a fifth degree felony is "* * * six, seven, eight, nine, ten, eleven, or twelve months." R.C. 2929.14(A)(5). The trial court's imposition of 11 months is within the statutory sentencing range. Finding no abuse of discretion, appellant's first assignment of error is found not well-taken.
 {¶ 10} In his second assignment of error, appellant challenges the constitutionality of State v. Foster, supra. As an intermediate appellate court, we are bound by the Ohio Supreme Court's decision inFoster, and cannot overrule it or declare it unconstitutional. State v.Thrasher, 6th Dist. No. WD-06-047, 2007-Ohio-2838. Appellant's second assignment of error is found not well-taken.
 {¶ 11} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
 JUDGMENT AFFIRMED. *Page 4 
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Mark L. Pietrykowski, P.J., Arlene Singer, J., Thomas J. Osowik, J., CONCUR. *Page 1