DECISION AND JUDGMENT ENTRY
{¶ 1} This is a consolidated appeal of a December 13, 2007 judgment of the Lucas County Court of Common Pleas denying appellant John J. Reznickcheck's "Motion to Vacate a Void Sentence pursuant to State v.Bezak." The motion concerns sentencing in two criminal cases brought against appellant in the Lucas County Court of Common Pleas, case numbers CR96-6868 and CR96-7032. *Page 2 
 {¶ 2} In case CR-96-6868, the criminal charges arose out of incidents that occurred on June 14 and 21, 1996. The case was tried to a jury in February 1997. Appellant was found guilty of aggravated burglary, a violation of R.C. 2911.11(A)(3), and theft-objects, a violation of R.C.2913.02(A). Pursuant to the convictions, appellant was sentenced to an indefinite term of imprisonment of seven to twenty-five years on the aggravated burglary count and one and one-half to five years on the theft-objects count in a judgment entry filed on June 11, 1997.
 {¶ 3} Appellant pursued an appeal of his convictions. In an Opinion and Judgment Entry filed on December 18, 1998, this court reversed the aggravated burglary conviction and modified it to a conviction for burglary (R.C. 1211.12) and affirmed the theft-objects conviction.State v. Reznickchek (December 18, 1998), 6th Dist. No. L-97-1247. We also held that statutory changes under Am. Sub. S.B. No. 2 ("S.B. 2") did not apply to the theft-objects conviction. We concluded that the Ohio Supreme Court had ruled in State v. Rush (1998), 83 Ohio St.3d 53 that S.B. 2 applied only to those crimes committed after July 1, 1996.
 {¶ 4} On remand, the trial court resentenced appellant in a judgment entry filed on August 11, 1997, to one year for the burglary offense and one and one-half to five years on the theft-objects offense.
 {¶ 5} In case number CR96-7032, the criminal charges arose out of incidents that occurred between August 23 and September 4, 1996. In the case, appellant pled no contest to a felonious assault charge (R.C.2903.11(A)(1)) and guilty to charges of *Page 3 
abduction (R.C. 2905.02(A)(2)) and robbery (R.C. 2911.02(A)(2)). In a sentencing hearing held under R.C. 2929.19, appellant was sentenced to five years for felonious assault, three years as to abduction, and four years for robbery. Subsequently, appellant sought to withdraw his no contest and guilty pleas. The motion was based upon a claimed failure of the state to provide him with all the evidence from the police investigation and claimed ineffective assistance of counsel. The trial court denied the motion.
 {¶ 6} Appellant appealed. In State v. Reznickcheck, 6th Dist. Nos. L-04-1029 and L004-1030, 2004-Ohio-4801, we affirmed. We also recognized in the case that the charges under case CR96-6868 were pre-S.B. 2 and the charges under case CR96-7032 were post-S.B. 2 charges. Id. at ¶ 2, fn. 1.
 {¶ 7} On October 12, 2007, appellant filed a "Motion to Vacate a Void Sentence pursuant to State v. Bezak" in both criminal cases. In the motion, Reznickcheck requested the trial court to vacate sentences in both cases and resentence pursuant to State v. Bezak, 114 Ohio St.3d 94,2007-Ohio-3250. Appellant has claimed that the trial court failed to state specifically the term and conditions of postrelease control, rendering his sentences in both cases void. The trial court overruled the motion in a judgment entry filed on December 13, 2007. This appeal followed.
 {¶ 8} Appellant asserts one assignment of error on appeal:
 {¶ 9} "First Assignment of Error *Page 4 
 {¶ 10} "Trial Court committed an error of law in refusing to resentence appellant in accordance to State v. Bezak, 114 Ohio St.3d 94,2007-Ohio-3250, cited as 868 N.E.2d 961."
 {¶ 11} State v. Bezak, concerned the effect of a trial court's failure to comply with the requirements of R.C. 2929.19(B)(3) to provide the defendant with notice of postrelease control at sentencing. Id at ¶ 16. In State v. Bezak, the Supreme Court of Ohio ruled that failure to comply with statutory requirements for notice that postrelease control will be part of a sentence renders a sentence void:
 {¶ 12} "{ ¶ 16} We hold that when a trial court fails to notify an offender that he may be subject to postrelease control at a sentencing hearing, as required by former R.C. 2929.19(B)(3), the sentence is void; the sentence must be vacated and the matter remanded to the trial court for resentencing. The trial court must resentence the offender as if there had been no original sentence." State v. Bezak at ¶ 16.
 {¶ 13} In State v. Simpkins, 117 Ohio St.3d 420, 2008-Ohio-1197, the Ohio Supreme Court reaffirmed its analysis in Bezak that, where a trial court fails to inform a defendant at sentencing of postrelease control, the sentence imposed is void. Id., ¶¶ 19-22. The court also recognized inSimpkins, however, that a trial court retains jurisdiction to correct such an error:
 {¶ 14} "A trial court's jurisdiction over a criminal case is limited after it renders judgment, but it retains jurisdiction to correct a void sentence and is authorized to do so. Cruzado, 111 Ohio St.3d 353,2006-Ohio-5795, 856 N.E.2d 263, at ¶ 19; Jordan, *Page 5 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, at ¶ 23. Indeed, it has an obligation to do so when its error is apparent." Simpkins, ¶ 23.
 {¶ 15} In Simpkins, the court recognized that res judicata has been held to bar collateral attacks of voidable sentences on grounds that could have been raised on direct appeal. The court, nevertheless, refused to extend the doctrine to bar collateral attacks on void sentences. Id at ¶ 30. "[`W]here no statutory authority exists to support a judgment, res judicata does not act to bar a trial court from correcting the error.'" Simpkins, ¶ 30, quoting, State v. Ramey, 10th Dist. No. 06AP-245, 2006-Ohio-6429, ¶ 12 with approval.
 {¶ 16} In Simpkins, the state sought resentencing of the defendant due to errors with respect to postrelease control in sentencing. The court rejected an argument that the state's request was untimely and barred under res judicata, due to the state's failure to raise the existence of the errors by a direct appeal from the judgment imposing sentence. Id., ¶¶ 28-30.
 {¶ 17} Here the claim is that appellant's sentences are also void for failure to comply with statutorily mandated sentencing procedures with respect to postrelease control. Under Simpkins, we consider appellant's contentions even though they were not raised in his prior appeals.
 {¶ 18} The postrelease control notice requirements were incorporated into Ohio law with the enactment of S.B. 2 effective July 1, 1996. E.g.State v. Martello, 97 Ohio St.3d 398, 2002-Ohio-6661, ¶¶ 10-11; Woods v.Telb, 89 Ohio St.3d 504, 507-509, 2000-Ohio-171. *Page 6 
In the decision of State v. Rush the Ohio Supreme Court held that the provisions of S.B. 2 apply only to crimes that were committed after July 1, 1996.
 {¶ 19} The events upon which the criminal charges in CR96-6868 were based occurred on June 14 and 21, 1996, prior to the effective date of S.B. 2. Accordingly, the provisions of S.B. 2 and the decision inState v. Bezak do not apply to the sentences for burglary and theft-objects in CR96-6868. Appellant's assignment of error is not well-taken to the extent it relates to sentencing in CR96-6868.
 {¶ 20} Case number CR96-7032 concerned events that occurred between August 23 and September 4, 1996 — after the effective date of S.B. 2. Accordingly, the requirements of S.B. 2, of State v. Bezak, and, specifically, of R.C. 2929.19(B)(3) apply to those criminal offenses.
 {¶ 21} In Woods v. Telb, the Ohio Supreme Court held that a trial court can comply with the postrelease control notice requirements by advising the defendant of postrelease control at the time of either the plea hearing or at sentencing. Woods v. Telb, paragraph two of the syllabus. In fact, it may be more appropriate to notify a defendant of postrelease control at the plea hearing. State v. Torres, 6th Dist. No. L-03-1203, 2005-Ohio-3365, ¶¶ 10-12.
 {¶ 22} In CR96-7032, the trial court specifically addressed postrelease control with appellant at the plea hearing of June 3, 1997 with respect to the felonious assault and robbery offenses. In the plea colloquy, the court discussed with appellant whether he *Page 7 
understood that the offenses of felonious assault and robbery were both second degree felonies. The court then discussed postrelease control:
 {¶ 23} "The Court: You also understand that if you are sentenced to prison for the second degree felony charges, which involve threatening to inflict or inflict physical harm, that there will be a mandatory three years of post-release control?
 {¶ 24} "The Defendant: Yes, sir.
 {¶ 25} "The Court: And do you understand if you violate the conditions of supervision while you are under post-release control, the parole board could return you to prison for up to nine months for each violation for a total of 50 percent of the originally stated term?
 {¶ 26} "The Defendant: Yes, sir.
 {¶ 27} "The Court: Do you understand that if the violation is a new felony, you could receive a new prison term which would either be one year or the time remaining on your post release control, whichever is greater, plus a prison term for the new crime? Do you understand that?
 {¶ 28} "The Defendant: Yes, sir."
 {¶ 29} We conclude that the trial court met the notice requirements of R.C. 2929.19(B)(3) applicable to the offenses of felonious assault and robbery. A review of the record, however, discloses that the trial court failed to inform appellant of postrelease control with respect to the abduction offense at either the plea hearing or at sentencing. *Page 8 
 {¶ 30} Accordingly under State v. Bezak, appellant's sentence for abduction is void due to the failure to meet statutory notice requirements for postrelease control at sentencing. The remedy for a void sentence due to failure to meet postrelease control notice requirements is to resentence the appellant and to provide the required notice of postrelease control at resentencing. State v. Bezak, ¶ 16;State v. Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085, paragraph 2 of the syllabus.
 {¶ 31} R.C. 2929.191 provides a procedure for a trial court to correct postrelease control resentencing errors on sentences imposed prior to July 11, 2006. The statutory change "permit[s] the trial court to correct itself when it fails to notify the defendant about either the mandatory or the discretionary nature of postrelease control." State v.Ryan, 172 Ohio App.3d 281, 2007-Ohio-3092, ¶ 13; State v. Lathan, 6th Dist. No. L-06-1238, 2007-Ohio-5595, ¶ 12.
 {¶ 32} We find appellant's assignment of error is well-taken in part and not well-taken in part. Upon consideration, whereof, the judgment of the Lucas County Court of Common Pleas is affirmed with respect to its denial of the motion to vacate the sentences in CR96-6868 and the sentences for felonious assault and robbery in CR96-7032. The judgment is reversed with respect to the trial court's denial of the motion to vacate the sentence on the abduction count in CR96-7032. Cause CR96-7032 is ordered remanded for resentencing on the abduction count. Appellee is ordered to pay the costs of this appeal pursuant to App.R.24. Judgment for the clerk's expense *Page 9 
the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED, IN PART, AND REVERSED, IN PART.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
JUDGE
Mark L. Pietrykowski, P.J., Arlene Singer, J., Thomas J. Osowik, J., Concur. *Page 1