DECISION AND JUDGMENT
{¶ 1} This case is before the court on appeal from a judgment of the Ottawa County Court of Common Pleas, wherein appellant, James M. Walton, was sentenced to serve a term of one year for theft, a violation of R.C. 2913.02(A)(3), a felony of the fifth degree, and a concurrent term of eighteen months for failure to appear, a violation of *Page 2 
R.C. 2937.29, a felony of the fourth degree. For the reasons set forth below, this court affirms the judgment of the trial court.
 {¶ 2} On June 28, 2007, appellant pled guilty to one count of theft and to one count of failure to appear. In addition, appellant submitted a signed written plea of guilty to the trial court. On September 21, 2007, appellant was sentenced to three years community control. At appellant's sentencing hearing the trial court stated, in material part:
 {¶ 3} "* * * [I]f you violate the conditions of your probation, a number of things could happen. As I mentioned, we're going to be back here talking about it. I could extend your probation out to five years. I could impose more restrictive conditions of probation, including 180 days of local time. And, if all else fails, I would sentence you to 18 months in the state prison system on the felony four. And I have a year's sentence on the felony five."
 {¶ 4} On November 19, 2007, appellant appeared again before the trial court on an alleged violation of his community control. On December 3, 2007, appellant admitted to violating the terms of his community control. As a result, after finding that appellant was in violation of the same, the court below sentenced appellant to serve one year in prison on the conviction for theft and to serve a concurrent term of eighteen months in prison on the conviction for failure to appear. Appellant appeals his sentence, and asserts the following assignments of error: *Page 3 
 {¶ 5} "ASSIGNMENT OF ERROR I. The trial court erred in failing to properly notify defendant-appellant of the specific prison term to be imposed for violations of the conditions of community control.
 {¶ 6} "ASSIGNMENT OF ERROR II. The trial court violated the policy and intent of the sentencing statutes when sentencing defendant-appellant to the maximum sentence possible for the offenses for which defendant-appellant was convicted.
 {¶ 7} "ASSIGNMENT OF ERROR III. The trial court erred in failing to specify at sentencing that one of the factors of R.C. 2929.13(B)(1) applied relative to defendant-appellant."
 {¶ 8} In Assignment of Error No. I, appellant contends that the trial court failed to notify him of the specific prison term to be imposed for violations of the conditions of community control. Appellant argues that the trial court's statement at the September 21, 2007 sentencing hearing did not include "straightforward and affirmative language" specifying a definite term of imprisonment. We disagree.
 {¶ 9} R.C. 2929.19(B)(5) provides that if a sentencing court decides to impose an authorized community control sanction at a sentencing hearing:
 {¶ 10} "The court shall notify the offender that, if the conditions of the sanction are violated, if the offender commits a violation of any law, * * * the court may impose a longer time under the same sanction, may impose a more restrictive sanction, or may impose a prison term on the offender and shall indicate the specific prison term that may *Page 4 
be imposed as a sanction for the violation, as selected by the court from the range of prison terms for the offense pursuant to section 2929.14 of the Revised Code."
 {¶ 11} In State v. Brooks, 103 Ohio St.3d 134, 2004-Ohio-4746, ¶ 19, the Ohio Supreme Court held that in order to comply with R.C. 2929.19(B)(5), a judge shall "in straightforward and affirmative language, inform the offender at the sentencing hearing that the trial court will impose a definite term of imprisonment of a fixed number of months or years" for a violation of the conditions of the sanction, as a prerequisite to imposing a prison term on the offender for a subsequent violation. Id. at paragraph two of the syllabus. Thus, the trial judge is required to notify the offender of the "specific" prison term the offender faces for violating community control. Id. at ¶ 23.
 {¶ 12} In the present case, a review of the September 21, 2007 sentencing hearing transcript reveals that the trial judge fully satisfied all the requisites of R.C. 2929.19(B)(5), R.C. 2929.15(B), andBrooks, supra. The trial court notified appellant that if he violated any of the conditions of community control, it "could extend your probation out to five years." Initially, appellant was sentenced to serve three years of community control. Thus, the trial judge warned appellant that his community control could be extended five years if he violated any of the conditions of community control.
 {¶ 13} In addition, the trial court notified appellant that if he violated any of the conditions of community control, it "could impose more restrictive conditions of probation, including 180 days of local time." Thus, if the appellant violated any of the *Page 5 
conditions of community control, the trial judge warned appellant that it would impose a more restrictive community control sanction, specifically "180 days of local time."
 {¶ 14} The trial court also told appellant that if he violated any of the conditions of community control, it "would sentence [him] to 18 months in the state prison system on the felony four," and impose "a year's sentence on the felony five." Therefore, the trial judge warned appellant that it would impose a specific prison sentence if any of the conditions of appellant's community control were violated.
 {¶ 15} We find that the trial court, in straightforward and affirmative language, properly informed appellant at the sentencing hearing that a definite term of imprisonment for a fixed number of months and/or years would be imposed for violations of the conditions of community control. Accordingly, Assignment of Error No. I is found not well-taken.
 {¶ 16} In Assignment of Error No. II, appellant contends that in sentencing him to the maximum sentence for which appellant was convicted, the trial court violated the policy and intent of the sentencing statutes.
 {¶ 17} R.C. 2929.14 provides:
 {¶ 18} "(A) * * * [I]f the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender pursuant to this chapter, the court shall impose a definite prison term that shall be one of the following:
 {¶ 19} "* * * *Page 6 
 {¶ 20} "(4) For a felony of the fourth degree, the prison term shall be six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months.
 {¶ 21} "(5) For a felony of the fifth degree, the prison term shall be six, seven, eight, nine, ten, eleven, or twelve months." (Emphasis added).
 {¶ 22} In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, ¶ 100, the Supreme Court of Ohio concluded that "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." As an intermediate appellate court, we are bound by the Ohio Supreme Court's decision inFoster, and cannot overrule it or declare it unconstitutional. State v.Thrasher, 6th Dist. No. WD-06-047, 2007-Ohio-2838, ¶ 7.
 {¶ 23} To repeat, appellant was sentenced to serve a term of one year for theft, a felony of the fifth degree, and a concurrent term of eighteen months for failure to appear, a felony of the fourth degree. Both of these sentences are within the statutory range of R.C. 2929.14
and comply with Foster, supra. Accordingly, Assignment of Error No. II is found not well-taken.
 {¶ 24} In Assignment of Error No. III, appellant contends that the trial court failed to make reference to any specific factor of R.C. 2929.13(B)(1) at sentencing or in the judgment entry from which this appeal is taken. R.C. 2929.13(B)(1) provides nine factors that a trial court must consider prior to sentencing an offender for a felony of the *Page 7 
fourth or fifth degree. A court is not, however, required to make an explicit finding of one of those listed factors before imposing a prison sentence. State v. Foster at ¶ 69. Therefore, a judge is permitted to impose a prison sentence rather than community control without R.C. 2929.13(B) findings. Id. at ¶ 70. Consequently, the trial court in this case could still properly impose a prison sentence without referring to any of those findings. Appellant's Assignment of Error No. III is found not well-taken.
 {¶ 25} On consideration whereof, the judgment of the Ottawa County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Ottawa County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., William J. Skow, J., CONCUR. *Page 1