[Cite as *State v. Hamby*, 2011-Ohio-4542.]

IN THE COURT OF APPEALS OF MONTGOMERY COUNTY, OHIO

STATE OF OHIO                    :

    Plaintiff-Appellee       :    C.A. CASE NO. 24328

vs.                              :    T.C. CASE NO. 08CR4887

MICHAEL L. HAMBY                 :    (Criminal Appeal from
                                      Common
                      Pleas Court)
    Defendant-Appellant      :

. . . . . . . . .

O P I N I O N

Rendered on the 9th day of September, 2011.

. . . . . . . . .

Mathias J. Heck, Jr., Pros. Attorney; Kirsten A. Brandt, Asst.
Pros. Attorney, Atty. Reg. No. 0070162, P.O. Box 972, Dayton, OH
45422
    Attorney for Plaintiff-Appellee

Robert Alan Brenner, Atty. Reg. No. 0020084, P.O. Box 341021,
Beavercreek, OH 45434-1021
    Attorney for Defendant-Appellant

. . . . . . . . .

VUKOVICH, J. (BY ASSIGNMENT):

{¶ 1} Defendant-appellant Michael Hamby appeals from the
sentencing decision of the Montgomery County Common Pleas Court.
He presents four contentions on appeal: the entry states the wrong
manner of conviction; the sentence was too harsh and thus

constituted an abuse of discretion; the court prematurely disapproved transitional control; and the entry did not explain that the post-release control terms will run concurrently. For the following reasons, this case is remanded for a revised sentencing entry to state that appellant was convicted after a jury trial rather than that he pled guilty, to omit the disapproval of a future request for transitional control, and to explain that post-release control terms will be served concurrently.

## STATEMENT OF THE CASE

{¶ 2} A jury convicted appellant of two counts of felonious assault with a deadly weapon (one for each victim), one count of felonious assault for causing serious physical harm, and one count of kidnapping. He was then sentenced to eight years in prison. In the original appeal, appellant's convictions were affirmed, but his sentence was reversed and remanded because the merger doctrine is not satisfied by the imposition of concurrent sentences, and because the court should not have only merged the one deadly weapon felonious assault with the serious harm felonious assault but also should have merged the felonious assault of this same victim with the kidnapping because the kidnapping was merely incidental to the assault. *State v. Hamby*, Montgomery App. No. 23618, 2010-Ohio-404, ¶52-53, 58.

{¶ 3} On remand, the trial court entered convictions and sentences on felonious assault with a deadly weapon for one victim

and kidnapping for the other victim. In a September 20, 2010 entry, appellant was then sentenced to three years for felonious assault and five years for kidnapping for a total of eight years in prison. On November 17, 2010, appellant filed an untimely notice of appeal and a request to file a delayed appeal, which this court permitted.

### ASSIGNMENT OF ERROR NUMBER ONE

{¶ 4} Appellant's first assignment of error provides:

{¶ 5} "THE TRIAL COURT FAILED TO COMPLY WITH OHIO CRIMINAL RULE 32(C)."

{¶ 6} The court's sentencing entry states that appellant had entered a guilty plea to the four counts. This is incorrect as the manner of conviction was by way of a jury verdict in this case.

{¶ 7} Pursuant to Crim.R. 32(C), a "judgment of conviction shall set forth the plea, the verdict, or findings upon which each conviction is based, and the sentence." A judgment of conviction is not considered to be a final appealable order if it fails to set forth the manner of conviction, which is either: a guilty plea, a no contest plea upon which the court has made a finding of guilt, a finding of guilt based upon a bench trial, or a guilty verdict resulting from a jury trial. *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, ¶10, 18. See, also, *State ex rel. DeWine v. Burge*, 128 Ohio St.3d 236, 2011-Ohio-235, ¶13 (where the sentencing

entry recited only that a defendant had been found guilty of the various offenses but did not disclose that she had been found guilty by a jury, the order was not final).

{¶ 8} Appellant states that where an entry provides the wrong manner of conviction, the entry is similarly not final and asks that his appeal be dismissed. The state responds that as long as some manner of conviction is provided, the order is final because providing the wrong manner of conviction is merely an error. The state also urges that the remedy is a nunc pro tunc entry, not dismissal or reversal. See id. at ¶17-19 (court issues revised sentencing entry rather than vacating a conviction or holding a new hearing).

{¶ 9} The entry here sets forth a manner of conviction (a guilty plea), just as it sets forth a sentence. If it failed to set forth a manner of conviction, the entry would not be final, just as it would not be final if it failed to set forth a sentence. The manner of conviction is incorrect, but as the state argues, this is an error. It is not an omission of an element of a final order. Along the same vein, if a sentence was incorrect (for instance if it was higher than permitted for the type of felony), then the sentencing entry is still final, but subject to the defendant's appeal of the error.

{¶ 10} Appellant has appealed this error, and he is entitled to have the error corrected to show that he was convicted by way of

a jury verdict. As such, this matter is remanded for a corrected sentencing entry reflecting that appellant was convicted by a jury rather than a plea of guilty.

ASSIGNMENT OF ERROR NUMBER TWO

{¶ 11} Appellant's second assignment of error alleges:

{¶ 12} "THE TRIAL COURT ABUSED ITS DISCRETION IN SENTENCING THE DEFENDANT."

{¶ 13} Appellant argues that his consecutive sentences of five years for kidnapping and three years for felonious assault are too harsh and thus constitute an abuse of discretion. See *State v. Gratz*, Mahoning App. No. 08MA101, 2009-Ohio-695, ¶8, applying plurality in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912 (felony sentences are reviewed using both the clearly and convincingly contrary to law and abuse of discretion standards of review). He minimizes the victims' injuries and makes credibility arguments regarding who was the aggressor. Appellant notes that his criminal record was not recent and that his longest prior sentence was one year.

{¶ 14} However, a jury already found him guilty of the offenses and disbelieved his claim of self-defense. Thus, the court did not abuse its discretion in proceeding under the assumption that his nephew did not break into appellant's house and that appellant was the aggressor. As for the details of the incident, appellant

was living in what had been his mother's house before she entered a nursing home. Days after their mother died, appellant's sister came over with her two sons (aged sixteen and twenty-seven) to retrieve photographs and shoes for the funeral. Appellant initially would not respond; he then set a photograph on the back steps. The sister spoke to him through an open window asking him to provide her with photo albums. At that point, appellant pushed the air conditioner through the window.

{¶ 15} Appellant then pulled his oldest nephew into the house and hit him around the head and arms with a metal pipe. Appellant threatened to kill his nephew as the nephew lay on the floor bleeding. When appellant's sister tried to protect her son, appellant hit her with the metal pipe on her cheek, behind her ear, and on her arm. At that point, the sixteen-year-old threw a log at the window, allowing his brother to escape.

{¶ 16} The victims were transported to the hospital by ambulance. The injured nephew testified that appellant hit him "as hard as somebody could hit somebody." He had gashes on his arms and back and lumps on the back and side of his head. He experienced headaches at least every other day for a few months. He still has a scar on his arm. Appellant's sister testified that her head and face were visibly injured and sore after the incident.

{¶ 17} Regarding a criminal record, appellant was convicted of misdemeanor assaults in 1981 and 1990. He was convicted of felony

theft in 1983 and felony fleeing and eluding in 1993. He has other failure to comply and fleeing and eluding convictions as well. As for arrests, he had a 1997 felonious assault charge dismissed and was acquitted of rape in 1993. He was diagnosed with alcohol and cannabis dependence in 2009.

{¶ 18} As the state points out, appellant does not accept responsibility for his actions and portrays himself as the victim. The state acknowledges that his record does not contain recent violent offenses, but urges that this behavior now shows that he has not resolved his past problems with violence. It is also noted that the victims were family members, who were attempting to retrieve items for a funeral.

{¶ 19} The five and three year sentences were at the low end of the statutory range for the offenses: three to ten years for kidnapping (which the state chose over the merged offense for felonious assault of the nephew) and two to eight years for felonious assault (of appellant's sister). See R.C. 2929.14(A)(1),(2). The court had a broad range of information before it when it sentenced appellant, including appellant's own trial testimony, which may have been very revealing of his personality and control problems. It is not unreasonable, arbitrary, or unconscionable to disbelieve appellant's self-defense claim and believe the victims' claims that appellant pulled his nephew into his house and beat him senseless with a metal

pipe then turned that pipe on his sister when she tried to assist her son. There is no indication that the eight-year sentence for two victims is an abuse of discretion. See *State v. Foster*, 109 Ohio St.3d 1, ¶100, 102 (full discretion to sentence within range). As such, this assignment of error is overruled.

### ASSIGNMENT OF ERROR NUMBER THREE

{¶ 20} Appellant's third assignment of error states:

{¶ 21} "THE TRIAL COURT ERRED BY DISAPPROVING THE TRANSFER OF THE DEFENDANT TO TRANSITIONAL CONTROL IN THE SENTENCING ENTRY."

{¶ 22} In its sentencing entry, the court announced that it "disapproves the transfer of the defendant to transitional control under Section 2967.26 of the Revised Code." Pursuant to this section, the prison can establish a transitional control program and the adult parole authority may transfer eligible prisoners to transitional control status during the final one hundred eighty days of their confinement. R.C. 2967.26(A). Before such transfer, the parole authority must provide the court with an opportunity to disapprove the transfer and must send the court a report on the prisoner's conduct in the institution covering the prisoner's participation in school, vocational training, work, treatment, and other rehabilitative activities and any disciplinary action taken against the prisoner. R.C. 2967.25(A)(2).

{¶ 23} This appellate district has ruled that a sentencing court cannot disapprove transitional control in a sentencing entry. *State v. Howard*, 190 Ohio App.3d 735, 2010-Ohio-5283, ¶2, 40, 44. The trial court's decision in such case is premature and unaided by a report of the prisoner's conduct. Id. Thus, this argument has merit. Id. As another district has explained:

{¶ 24} "While the statute does not specifically prohibit the court from denying the transitional control prior to notice, we find to do so clearly thwarts the design and purpose of the statute. The statute is designed to promote prisoner rehabilitation effort and good behavior while incarcerated. To prematurely deny the possibility of transitional control runs contra to those purposes. While the trial court retains discretion to disapprove the transitional control, we find to do so in the sentencing entry prior to notice from the adult parole authority is premature." *State v. Spears*, Licking App. No. 10CA95, 2011-Ohio-1538, ¶37.

{¶ 25} At this point, the state claims waiver because appellant failed to object when the court advised at the sentencing hearing that it disapproves the transfer to transitional control. The state cites a case holding that a defendant must object to errors at sentencing or he waives all but plain error. See *State v. Young*, Montgomery App. No. 23438, 2010-Ohio-5157, ¶13. To reverse based on plain error, a reviewing court must determine that a plain or obvious error occurred that affected the outcome. *State v. Barnes*

(2002), 94 Ohio St.3d 21, 27. See, also, Crim.R. 52(B).

{¶ 26} Even if an objection was required to an oral announcement at sentencing, the error here is plain on the face of the sentencing entry. Under the law of the district, the entry is improper. This assignment of error is sustained, and the trial court is hereby instructed to remove the premature denial of transitional control from the sentencing entry.

### ASSIGNMENT OF ERROR NUMBER FOUR

{¶ 27} Appellant's fourth assignment of error contends:

{¶ 28} "THE TRIAL COURT ERRED BY SENTENCING THE DEFENDANT TO MORE THAN ONE TERM OF POST-RELEASE CONTROL."

{¶ 29} The sentencing entry states the following with regards to post-release control:

{¶ 30} "The Court notifies the defendant that, as a part of this sentence, on Count 2: FELONIOUS ASSAULT (deadly weapon) - 2093.11(A)(2) F2 the defendant will be supervised by the Parole Board for a period of Three years Post-Release Control after the defendant's release from imprisonment."

{¶ 31} "The Court notifies the defendant that, as a part of this sentence, on Count 4: KIDNAPPING (terrorize/physical harm) - 2905.01(A)(3) F1 the defendant will be supervised by the Parole Board for a period of five years Post-Release Control after the defendant's release from imprisonment."

{¶ 32} Appellant contends that this language makes it sound as though he is subject to eight years of post-release control. He urges that the court should have stated that the terms of post-release control would run concurrently. He cites R.C. 2967.28(F)(4)(c), which provides:

{¶ 33} "If an offender is subject to more than one period of post-release control, the period of post-release control for all of the sentences shall be the period of post-release control that expires last, as determined by the parole board or court. Periods of post-release control shall be served concurrently and shall not be imposed consecutively to each other."

{¶ 34} We note that this provision is prefaced by this statement:

{¶ 35} "(4) Any period of post-release control shall commence upon an offender's actual release from prison. If an offender is serving an indefinite prison term or a life sentence in addition to a stated prison term, the offender shall serve the period of post-release control in the following manner: * * * "

{¶ 36} This case does not involve a life sentence or an indefinite sentence. However, the Supreme Court has applied (F)(4)(c) in a case that did not involve these types of sentences. *Durain v. Sheldon*, 122 Ohio St.3d 582, 2009-Ohio-4082, ¶1 (citing only part (c) in a case with definite, non-life sentences). See,

also, *State v. Meredith*, Summit App. No. 25198, 2011-Ohio-1517, ¶18.

{¶ 37} In any event, the state does not dispute that the terms of post-release control run concurrently. See *State v. Sulek*, Greene App. No. 09CA75, 2010-Ohio-3919, ¶23 ("Only one term of post-release control is actually served, even though a defendant was sentenced to multiple prison terms"); *Meredith*, Summit App. No. 25198 at ¶18; *State v. Maag*, Hancock App. No. 5-08-35, 2009-Ohio-90, ¶18 (court cannot impose multiple terms for multiple felonies). As the state points out, however, the statute does not require notice of the concurrent nature of the terms; it merely states how they will run.

{¶ 38} Moreover, the trial court did not purport to run the terms consecutively. See *Meredith*, Summit App. No. 25198 at ¶18. Since the terms are legally to be served concurrently and since we are remanding for a revised entry on other assignments of error, we order the trial court to add to the entry that the post-release control terms are concurrent and that the longest term will apply. See *State v. Sulek*, Greene App. No. 09CA75, 2010-Ohio-3919, ¶23 (court can merely state longest term to encompass all felonies).

## CONCLUSION

{¶ 39} For the foregoing reasons, the sentencing entry is remanded for the issuance of a revised entry. The trial court shall amend the manner of the conviction from a guilty plea to a

jury verdict. The trial court shall remove its statement that it disapproves transitional control. Finally, the trial court shall state that the post-release control terms will run concurrently.


FAIN, J. And DONOVAN, J., concur.

(Hon. Joseph J. Vukovich, Seventh District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.)


Copies mailed to:

Kirsten A. Brandt, Esq.
Robert Alan Brenner, Esq.
Hon. Mary Lynn Wiseman