[Cite as *State v. Kidd*, 2011-Ohio-6323.]

IN THE COURT OF APPEALS FOR CLARK COUNTY, OHIO

STATE OF OHIO                                   :

    Plaintiff-Appellee                      :       C.A. CASE NO.      2010 CA 109

v.                                              :            T.C. NO.    03CR44

DAVID KIDD                                      :          (Criminal appeal from
                                           Common Pleas Court)

    Defendant-Appellant                     :

                                                :

. . . . . . . . . .

**O P I N I O N**

Rendered on the ____9th____ day of ___December___, 2011.

. . . . . . . . . .

ANDREW R. PICEK, Atty. Reg. No. 0082121, Assistant Prosecuting Attorney, 50 E. Columbia Street, 4th Floor, P. O. Box 1608, Springfield, Ohio 45501
      Attorney for Plaintiff-Appellee

JASON A. CAVINDER, Atty. Reg. No. 0081371, 424 Patterson Road, Dayton, Ohio 45419
      Attorney for Defendant-Appellant

. . . . . . . . . .

FROELICH, J.

{¶ 1}  David Kidd appeals from a judgment of the Clark County Court of Common Pleas following resentencing for the purpose of properly imposing post-release control.  For the following reasons, the trial court's judgment will be affirmed.

I

{¶ 2}   In May 2003, Kidd pled guilty to two counts of trafficking in cocaine in the vicinity of a school, both second degree felonies.   In exchange for the plea, the State dismissed additional charges.   The parties further agreed to a five-year sentence on each count, to be served consecutively, and that Kidd would forfeit a total of $1,474 and a 1987 Camaro.   The trial court imposed the agreed sentence and required Kidd to pay a mandatory fine.   The court told Kidd that post-release control was "optional in this case up to a maximum of three years."   Several motions and appeals followed, most of which are not relevant to this appeal.

{¶ 3}   In February 2010, Kidd filed a motion for resentencing, claiming that his sentence was a nullity because the judgment entry included an optional three-year period of post-release control.   The trial court denied the motion without explanation.   Kidd appealed, arguing that the three-year term of post-release control was mandatory.   The State conceded error.   We reversed the trial court's order and remanded the matter for "resentencing according to law."   *State v. Kidd*, Clark App. No. 2010 CA 39, 2010-Ohio-4161, ¶6.

{¶ 4}   In October 2010, Kidd was resentenced by the trial court.   At the sentencing hearing, the trial court imposed the same sentence that had been ordered in 2003.   The court further informed Kidd that "because these are second degree felonies post-release control is mandatory for three years so when you are released from prison, you will be placed on three years of post-release control."   The court explained the consequences if Kidd failed to comply with the conditions of post-release control.

**{¶ 5}** In its subsequent judgment entry, the trial court stated, in relevant part:

**{¶ 6}** "The Court notified the defendant at the time of his guilty plea that PRC is mandatory in this case for three years and the Court informed him of the possible consequences of violating the terms of that PRC. The defendant is Ordered to serve as part of this sentence three (3) years of PRC."

**{¶ 7}** Kidd appeals from the trial court's judgment.

## II

**{¶ 8}** In his sole assignment of error, Kidd claims that the trial court erred in failing to inform him that post-release control is mandatory on each count of trafficking in cocaine.[1] Kidd further states that the summary of docket, which lists the filings in the trial court's record, did not indicate that the three-year term of post-release control was mandatory for each count.

**{¶ 9}** "Post-release control" involves a period of supervision by the Adult Parole Authority after an offender's release from prison that includes one or more post-release control sanctions imposed under R.C. 2967.28. R.C. 2967.01(N). "[A]mong the most basic requirements of post-release control notification per R.C. 2967.28 and the Ohio Supreme Court's existing precedent is that the court must both notify the offender of the length of the term of post-release control that applies to his conviction(s) and incorporate that notification into its journalized judgment of conviction pursuant to Crim.R. 32(C)."

---

[1] Prior to the appointment of appellate counsel, Kidd filed a "Motion to Appeal," which was purportedly a pro se brief. After appointed counsel filed a brief on his behalf, Kidd moved for this court to remove his appellate counsel and to permit him to represent himself. Kidd further asked that his appointed counsel's brief be dismissed. We denied Kidd's motion and accepted his appointed counsel's brief as filed on May 21, 2011.

*State v. Terry*, Darke App. No. 2009 CA 05, 2010-Ohio-5391, ¶15, citing *State v. Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, ¶69. Post-release control is mandatory for some offenders and is imposed at the discretion of the Parole Board for others. R.C. 2967.28(B); *State v. Martello*, 97 Ohio St.3d 398, 2002-Ohio-6661, ¶11.

{¶ 10} Under R.C. 2967.28(B), each prison sentence for a second degree felony "shall include a requirement that the offender be subject to a period of post-release control imposed by the parole board after the offender's release from imprisonment." A second degree felony that is not a sex offense is subject to a mandatory three-year period of post-release control. R.C. 2967.28(B)(2).

{¶ 11} Kidd claims that the trial court was required to separately impose post-release control for each count of trafficking in cocaine. We have stated, however, that "[w]hen identical postrelease control requirements apply to multiple prison terms, the same notification may apply to each of the offenses concerned." *State v. Sulek*, Greene App. No. 2009 CA 75, 2010-Ohio-3919, ¶23. See, also, *State v. Scott*, Sandusky App. No. S-10-023, 2011-Ohio-5527, ¶51-54 (upholding a single notification that defendant was subject to a possible three years of post-release control when all counts carried the same discretionary three-year term of post-release control); *State v. Deskins*, Lorain App. No. 10 CA 9875, 2011-Ohio-2605, ¶22.

{¶ 12} In this case, the trial court told Kidd at the October 2010 re-sentencing hearing that "because *these are second degree felonies* post-release control is mandatory for three years so when you are released from prison, you will be placed on three years of post-release control." (Emphasis added.) The trial court's statement served to notify Kidd

that both counts of trafficking in cocaine were subject to a mandatory term of three years of post-release control. The trial court did not err by failing to impose separate terms of post-release control for each of Kidd's two counts of trafficking in cocaine, both of which were second degree felonies and were subject to the same mandatory three-year term of post-release control.

{¶ 13} Kidd also raises that the trial court's docket entry for October 12, 2010, does not indicate that the three-year term of post-release control was mandatory for each count. Docket entry #81 states: "Judgment Entry of Conviction to Penitentiary --- David Kidd was resentenced --- Same as previous conviction entry of 5/21/03 except to instruct deft that PRC is mandatory for 3 years."

{¶ 14} A trial court speaks through its journal entries. E.g., *State v. Boles*, Montgomery App. No. 23037, 2011-Ohio-3720, ¶34, citing *Hairston v. Seidner*, 88 Ohio St.3d 57, 2000-Ohio-271. Docket entry #81 is an entry in the summary of docket, which is an enumerated list of the filings in the case. The summary of docket is prepared by the clerk of courts, not the trial court. In short, Docket entry #81 is the clerk of court's summary of the trial court's judgment entered after Kidd's resentencing hearing; it is not an order or judgment by the trial court. As we stated above, the judgment entry of the court does include a mandatory three-year period of post-release control. Docket entry #81 has no bearing on whether the trial court properly imposed post-release control.

{¶ 15} Kidd's sole assignment of error is overruled.

III

{¶ 16} The trial court's judgment will be affirmed.

. . . . . . . . . .

DONOVAN, J. and HALL, J., concur.

Copies mailed to:

Andrew R. Picek
Jason A. Cavinder
Hon. Douglas M. Rastatter