[Cite as *State v. Bach*, 2017-Ohio-7262.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case No. 27246 |
| | : | |
| v. | : | Trial Court Case No. 2004-CR-3783 |
| | : | |
| JESSE BACH | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| *Defendant-Appellant* | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 18th day of August, 2017.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
       Attorney for Plaintiff-Appellee

JESSE BACH, Inmate No. 518-706, Chillicothe Correctional Institution, P.O. Box 5500, Chillicothe, Ohio 45601
       Defendant-Appellant-Pro Se

. . . . . . . . . . . . .

TUCKER, J.

{¶ 1} Defendant-appellant appeals pro se from an order of the Montgomery County Court of Common Pleas overruling his motion to correct his sentence. He contends that the motion should have been granted because the trial court, at sentencing, failed to notify him of the correct duration of post-release control, failed to consider his ability to pay financial sanctions, and failed to inform him that a failure to pay imposed costs could result in an order to perform community service. He further contends that his sentence should have been vacated because he did not receive effective assistance of counsel with regard to these sentencing errors.

{¶ 2} We conclude that the issues of ineffective assistance of counsel, costs and financial sanctions are barred by the doctrine of res judicata. However, the State concedes error on the issue of the imposition of post-release control.

{¶ 3} Accordingly, the judgment of the trial court is affirmed in part, reversed in part, and remanded for resentencing to correct the imposition of post-release control.

## I. Facts and Procedural History

{¶ 4} Bach was indicted in 2004 for murder, felonious assault and having weapons while under disability. Both the murder and felonious assault charges carried attendant firearm specifications. Bach was convicted on all charges, and was sentenced to an aggregrate prison term of twenty-six years to life in prison. Bach filed an appeal arguing that his convictions for murder and felonious assault were not supported by the weight of the evidence. He also argued that trial counsel was ineffective. This court affirmed the convictions. *State v. Bach*, 2d Dist. Montgomery No. 21582, 2007-Ohio-2130.

{¶ 5} In 2012, Bach filed a pro se motion to vacate fines and costs. The motion was overruled, and no appeal was taken. In 2012, Bach filed a pro se motion to suspend and/or waive court costs. He also filed a pro se motion to merge allied offenses. Both motions were overruled, and Bach did not appeal. Later in 2012, he filed a motion to vacate his sentence. This motion was overruled, and no appeal was filed.

{¶ 6} Bach, acting pro se, filed a motion to correct sentence in June 2016. In the motion he argued the trial court erred by failing to (1) to merge allied offenses of similar import; (2) consider his present and future ability to pay financial sanctions; (3) advise him that failure to pay court costs could result in the requirement to perform community service; and (4) to properly impose post-release control. The motion was overruled by the trial court on August 10, 2016. Bach, acting pro se, filed a timely appeal.

## II. The Trial Court Did Not Provide Proper Notification Regarding Post-Release Control

{¶ 7} Bach's first assignment of error states:

THE LOWER COURT COMMITTED PREJUDICIAL ERROR IN FAILING TO PROVIDE STATUTORILY COMPLIANT NOTIFICATION OF POST RELEASE CONTROL.

{¶ 8} Bach contends that the sentencing entry is void because he did not receive oral notification of the duration of post-release control, and because the entry set forth the incorrect duration of such control.

{¶ 9} "It is settled that 'a trial court has a statutory duty to provide notice of postrelease control at the sentencing hearing' and that 'any sentence imposed without

such notification is contrary to law.' " *State v. Grimes*, Ohio Supreme Court Slip Opinion No. 2017-Ohio-2927, ¶ 8, quoting *State v. Jordan*, 104 Ohio St.3d 21, 2004–Ohio–6085, 817 N.E.2d 864, ¶ 23. "Concomitantly, because a court is generally said to speak only through its journal, *id.* at ¶ 6, the trial court is 'required to incorporate that notice into its journal entry imposing sentence,' *id.* at ¶ 17." *Id.*

{¶ 10} In this case, the trial court made the following statement at the sentencing hearing:

> You must understand that upon your release, sir, you will be required to serve a period of postrelease control or parole. But for any violation of that parole or postrelease control, the parole board, without coming back to this court, can extend the length of your parole or impose a harsher sentence, which would be the remaining time of your sentence in prison or life in prison.

{¶ 11} The termination entry stated the following with regard to post-release control:

> The Court advised the defendant that following the defendant's release from prison, the defendant **will** serve a period of **Five** years post-release control under the supervision of the parole board for the offense of Felonious Assault;
>
> The Court advised the defendant that following the defendant's release from prison, the defendant **will** serve a period of **Three** years post-release control under the supervision of the parole board for the offense of Having Weapon While Under Disability;

Should the defendant violate any post-release control sanction or any law, the adult parole board may impose a more restrictive sanction. The parole board may increase the length of the post-release control. The parole board could impose an additional nine (9) months prison term for each violation for a total of up to fifty percent (50%) of the original sentence imposed by the court. If the violation of the sanction is a felony, in addition to being prosecuted and sentenced for the new felony, the defendant may receive from the court a prison term for the violation of the post-release control itself.

(Emphasis in the original).

{¶ 12} Bach was convicted of felonious assault in violation of R.C. 2903.11(A)(2), a felony of the second degree. R.C. 2967.28(B)(2) provides that every prison sentence for a felony of the second degree that is not a felony sex offense shall include a mandatory three-year period of post release control. Thus, the trial court incorrectly ruled that Bach would be subject to a five-year period of post-release control rather than the proper period of three years. This constitutes prejudicial error. *State v. Sulek*, 2d Dist. Greene No. 09CA75, 2010-Ohio-3919, ¶ 16. The State concedes this error.

{¶ 13} Bach appears to argue that this error renders the entire sentence void. However, this court has stated that "only the defective aspect of the sentence—the improper, or incomplete, imposition of post-release control—is void. The remainder of the sentence is valid, and has res judicata effect [and the] re-sentencing hearing [is] limited to correcting the imposition of post-release control." *State v. Reid*, 2d Dist. Montgomery No. 24841, 2012–Ohio–2666, ¶ 9.

{¶ 14} The first assignment of error is sustained solely as to the portion of the sentence imposing post-release control.

## III. Issue of Costs and Financial Sanctions Are Barred By Doctrine of Res Judicata

{¶ 15} Bach's second assignment of error is as follows:

THE LOWER COURT COMMITTED PREJUDICIAL ERROR IN FAILING TO PROVIDE STATUTORY [SIC] COMPLIANT NOTIFICATION PRIOR TO IMPOSING FINANCIAL SANCTIONS.

{¶ 16} Bach contends that the trial court erred because it failed to notify him that any failure to pay court costs could be addressed by an order to perform community service. He also contends that the trial court erred because it did not consider his present and future ability to pay before imposing financial sanctions. He argues that these errors require that "all costs" be vacated.

{¶ 17} We begin with the issue of the imposition of court costs which are governed by R.C. 2947.23. At the time of Bach's sentencing, the trial court was required to notify the defendant that it may order community service if the defendant fails to make payments toward the costs. R.C. 2947.23(A)(1).[1] Thus, the trial court did commit error in this regard.

{¶ 18} However, "a sentencing entry is a final appealable order as to costs." *State v. Threatt,* 108 Ohio St.3d 277, 2006-Ohio-905, 843 N.E.2d 164, paragraph three of the syllabus. "The time to appeal a trial court's failure to provide the notice required by R.C.

---

[1] "The law no longer requires defendants who are sentenced to prison to be so advised and, further, allows a trial court to modify or cancel the payment of costs." *State v. Veal*, 2d Dist. Montgomery No. 25253, 2013-Ohio-1577, ¶ 20.

2947.23(A)(1) begins to run from the date of the trial court's sentencing entry." *State v. Smith*, 131 Ohio St.3d 297, 2012–Ohio–781, 964 N.E.2d 423, ¶ 10, Bach did not appeal this issue in his direct appeal from his conviction. Further, he has filed two prior motions with the trial court seeking to vacate the order to pay costs. He failed to appeal the denial of either of those motions. Thus the matter is barred by the doctrine of res judicata. *State v. Thompson*, 2d Dist. Montgomery No. 26364, 2015-Ohio-1984, ¶ 8-9.

{¶ 19} We next turn to the issue of financial sanctons. R.C. 2929.19(B)(5) requires the trial court to consider defendant's present and future ability to pay before imposing any financial sanction under R.C. 2929.18. Financial sanctions include restitution, fines, and reimbursement of the costs of community control sanctions, confinement, or monitoring devices. R.C. 2929.18. The trial court ordered Bach to pay restitution.

{¶ 20} This court has stated that trial courts are not "obligated to make any express findings on the record regarding a defendant's ability to pay a financial sanction, although in our opinion that is clearly the better practice." *State v. Felder*, 2d Dist. Montgomery No. 21076, 2006-Ohio-2330, ¶ 64, citing *State v. Ayers*, 2d Dist. Greene No. 2004–CA–0034, 2005-Ohio-44. However, we have also stated that "the record must affirmatively reflect the court's consideration of those questions in the offender's case." *State v. Whitfield*, 2d Dist. Montgomery No. 22432, 2009-Ohio-293, ¶ 150, citing *State v. Martin*, 140 Ohio App.3d 326, 747 N.E.2d 318 (4th Dist. 2000).

{¶ 21} Regardless of whether the trial court properly considered his ability to pay, Bach is barred from raising this issue as it could have been asserted on direct appeal. *State v. Musselman*, 2d Dist. Montgomery No. 25295, 2013-Ohio-1584, ¶ 25.

{¶ 22} Bach's second assignment of error is overruled.

## IV. The Doctrine of Res Judicata Bars Bach's Claim of Ineffective Assistance of Counsel

{¶ 23} The third assignment of error asserted by Bach states:

APPELLANT WAS DEPRIVED OF EFFECTIVE ASSISTANCE OF COUNSEL.

{¶ 24} Bach contends that trial counsel was ineffective because of his failure to object to the sentencing errors complained of in his prior assignments of error.

{¶ 25} The Supreme Court of Ohio has stated that "[w]here defendant, represented by new counsel upon direct appeal, fails to raise therein the issue of competent trial counsel and said issue could fairly have been determined without resort to evidence dehors the record, res judicata is a proper basis for dismissing defendant's petition for postconviction relief." *State v. Cole*, 2 Ohio St.3d 112, 443 N.E.2d 169 (1982), syllabus.

{¶ 26} In this case, Bach's appellate counsel was a different lawyer than his trial counsel. Further, the alleged errors involve legal issues that are not dependent on evidence outside the record. Therefore, this assignment of error is barred by res judicata.

{¶ 27} The third assignment of error is overruled.

## V. Conclusion

{¶ 28} Bach's second and third assignments of error are overruled. His first assignment of error is sustained. Accordingly, the judgment of the trial court is affirmed

in part, reversed in part, and remanded for resentencing to correct the imposition of post release control.

. . . . . . . . . . . . .

HALL, P.J. and DONOVAN, J., concur.

Copies mailed to:

Mathias H. Heck, Jr.
Andrew T. French
Jesse Bach
Hon. Michael W. Krumholtz