[Cite as *State v. Harwell*, 2018-Ohio-1950.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case No. 27658 |
| | : | |
| v. | : | Trial Court Case No. 2012-CR-2367 |
| | : | |
| MICHAEL D. HARWELL | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| *Defendant-Appellant* | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 18th day of May, 2018.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

MICHAEL D. HARWELL, Inmate No. 687-427, London Correctional Institution, P.O. Box 69, London, Ohio 43140
        Defendant-Appellant-Pro Se

. . . . . . . . . . . . .

WELBAUM, P.J.

{¶ 1} Defendant-appellant, Michael D. Harwell, appeals pro se from the judgment of the Montgomery County Court of Common Pleas overruling his motion for resentencing in which he argued that the trial court failed to properly impose post-release control during his resentencing hearing and in the corresponding amended termination entry. Harwell also argues that the trial court failed to merge allied offenses of similar import during his resentencing. For the reasons outlined below, the judgment of the trial court will be affirmed.

## Facts and Course of Proceedings

{¶ 2} On November 16, 2012, Harwell was charged in a 14-count indictment with the following offenses:

Count 1: Felony Murder - R.C. 2903.02(B)

Count 2: Felony Murder - R.C. 2903.02(B)

Count 3: Attempted Felony Murder - R.C. 2923.02(A)/R.C. 2903.02(B)

Count 4: Attempted Felony Murder - R.C. 2923.02(A)/R.C. 2903.02(B)

Count 5: Kidnapping - R.C. 2905.01(A)(3) (terrorize/physical harm);

Count 6: Kidnapping - R.C. 2905.01(A)(3) (terrorize/physical harm);

Count 7: Kidnapping - R.C. 2905.01(B)(2) (substantial risk of serious physical harm/restrain personal liberty)

Count 8: Kidnapping - R.C. 2905.01(B)(2) (substantial risk of serious physical harm/restrain personal liberty);

Count 9: Kidnapping - R.C. 2905.01(A)(2) (facilitate felony or flight)

Count 10:     Kidnapping - R.C. 2905.01(A)(2) (facilitate felony or flight)

Count 11:     Felonious Assault - R.C. 2903.11(A)(2) (deadly weapon)

Count 12:     Felonious Assault - R.C. 2903.11(A)(1) (serious harm)

Count 13:     Felonious Assault - R.C. 2903.11(A)(2) (deadly weapon)

Count 14:     Weapon Under Disability - R.C. 2923.13(A)(3) (prior drug conviction).

Each of the foregoing counts, excluding the count for having a weapon under disability, included a three-year firearm specification.

{¶ 3} According to the record, the aforementioned charges stemmed from Harwell's actions after he purchased two ounces of cocaine that, unbeknownst to him, was cut/diluted with other substances. In an attempt to get his money back from the purchase, it was alleged that Harwell kidnapped two men, Jonathon Lambes and Jason Miller, who were both involved in selling Harwell the cocaine. It was also alleged that Harwell fired gunshots at both men, which resulted in Miller's death.

{¶ 4} Following his indictment, Harwell pled not guilty to all the charges and the matter proceeded to trial. Thirteen of the fourteen counts against Harwell were tried before a jury, as Harwell elected to have a bench trial on Count 14, having a weapon under disability. After trial, Harwell was found guilty as charged on all counts raised in the indictment. Thereafter, the trial court merged several of the counts and firearm specifications at sentencing and imposed an aggregate prison sentence of 32 years to life. Harwell then appealed.

{¶ 5} On appeal, we vacated Harwell's two attempted felony murder convictions pursuant to the Supreme Court of Ohio's decision in *State v. Nolan*, 141 Ohio St.3d 454,

2014-Ohio-4800, 25 N.E.3d 1016, which held that attempted felony murder is not a cognizable crime in Ohio. *State v. Harwell*, 2d Dist. Montgomery No. 25852, 2015-Ohio-2966, ¶ 34-35. As a result of vacating these convictions, we remanded the matter to the trial court for resentencing. *Id.* at ¶ 90. The judgment of the trial court was affirmed in all other respects. *Id.*

{¶ 6} On remand, the trial court held a resentencing hearing on August 13, 2015, in accordance with our decision in *Harwell*. At the resentencing hearing, the trial court vacated the two attempted felony murder counts as instructed and resentenced Harwell for the remaining offenses and firearm specifications. In resentencing Harwell, the trial court once again merged several of the offenses and firearm specifications. The merger resulted in Harwell being sentenced for one count of felony murder, two counts of kidnapping, one count of felonious assault, and two three-year firearm specifications.

{¶ 7} Harwell received 15 years to life in prison for felony murder, 11 years in prison for each kidnapping offense, 8 years in prison for felonious assault, and 3 years in prison for each firearm specification. The trial court ordered the 11-year sentence for the first kidnapping offense to run consecutively with the 15-year-to-life sentence for felony murder. The trial court also ordered the 11-year sentence for the second kidnapping offense to run concurrently with the sentences for felony murder and the first kidnapping offense. The trial court further ordered the 8-year sentence for felonious assault to run concurrently with the sentences for felony murder and both kidnapping offenses. The two three-year firearm specifications were then ordered to run prior and consecutive to all the other sentences and consecutively to each other, thus resulting in a total prison sentence of 32 years to life.

{¶ 8} The trial court journalized Harwell's resentencing via an amended termination entry filed on August 18, 2015. Approximately a month later, Harwell filed a notice of appeal from that judgment; however, we subsequently dismissed the appeal for lack of prosecution. Decision and Final Judgment Entry (Feb. 1, 2016), 2d Dist. Montgomery App. Case No. 26838.

{¶ 9} Over a year later, on May 16, 2017, Harwell filed a pro se motion for resentencing pursuant to R.C. 2967.28. In the motion, Harwell argued that the trial court did not properly impose post-release control when it resentenced him, thus rendering his sentence partially void. Specifically, Harwell claimed the trial court failed to advise that post-release control was mandatory for his two kidnapping offenses at the resentencing hearing and in the August 18, 2015 amended termination entry.

{¶ 10} On June 27, 2017, the trial court issued a written decision denying Harwell's motion for resentencing. In so holding, the trial court interpreted Harwell's pro se motion as challenging only the post-release control notice in the amended termination entry, finding the entry "on its face * * * plainly states that 'the Defendant Will be supervised by the Parole Board for a period of FIVE (5) years Post-Release Control after the Defendant's release from imprisonment' on both the Count 5 and Count 6 kidnapping convictions." Decision, Order and Entry Denying Defendant's Motion for Resentencing (June 27, 2017), Montgomery County Court of Common Pleas Case No. 2012-CR-02367, Docket No. 15, p. 5.

{¶ 11} Harwell now appeals from the trial court's decision denying his motion for resentencing, raising two assignments of error for review.

**First Assignment of Error**

{¶ 12} Harwell's First Assignment of Error is as follows:

DID THE TRIAL COURT COMMIT REVERSIBLE ERROR AT DEFENDANT'S SENTENCING BY FAILING TO PROPERLY IMPOSE POST RELEASE CONTROL PURSUANT TO R.C. 2967.28?

{¶ 13} Under his First Assignment of Error, Harwell contends that the sentence imposed by the trial court at his resentencing hearing is partially void because the trial court failed to notify him, both at the resentencing hearing and in the amended termination entry, that post-release control was mandatory for his two kidnapping offenses.   Although not raised in his motion for resentencing, Harwell also contends that the trial court failed to impose any term of post-release control for his felonious assault offense.

{¶ 14} The Supreme Court of Ohio "has held that when a judge fails to impose the required post-release control as part of a defendant's sentence, 'that part of the sentence is void and must be set aside.' " (Emphasis omitted.)   *State v. Heard*, 2d Dist. Montgomery No. 27454, 2018-Ohio-314, ¶ 21, quoting *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 26; *State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, ¶ 7.   "The improper post-release control sanction 'may be reviewed at any time, on direct appeal or by collateral attack,' * * * but 'res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence[.]' "   *Id.*, quoting *Fischer* at ¶ 27 and 40.

{¶ 15} When sentencing a felony offender to a term of imprisonment, a trial court is required to notify the offender at the sentencing hearing about post-release control, and is further required to incorporate that notice into its sentencing entry.   *State v. Grimes*,

151 Ohio St.3d 19, 2017-Ohio-2927, 85 N.E.3d 700, ¶ 8, citing *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, ¶ 6, 17, and 23; *State v. Bach*, 2d Dist. Montgomery No. 27246, 2017-Ohio-7262, ¶ 9; *State v. Renner*, 2d Dist. Montgomery No. 24019, 2011-Ohio-502, ¶ 15.

{¶ 16} As noted by the Supreme Court of Ohio, the statutory requirements for notice of post-release control at the sentencing hearing are as follows:

The court at a sentencing hearing must notify the offender that he or she "will" or "may" "be supervised under section 2967.28 of the Revised Code after the offender leaves prison if the offender is being sentenced for" a felony. R.C. 2929.19(B)(2)(c) and (d). The offender "will" be supervised if the offender has been convicted of a felony subject to mandatory postrelease control. R.C. 2929.19(B)(2)(c) and 2967.28(B). The offender "may" be supervised if the offender has been convicted of a less serious felony for which the APA has discretion to impose postrelease control. R.C. 2929.19(B)(2)(d) and 2967.28(C). The postrelease-control law also designates the term of supervision for each degree of felony. R.C. 2967.28(B) and (C). Additionally, at the sentencing hearing, the court must notify the offender that if he or she "violates that supervision * * *, the parole board may impose a prison term, as part of the sentence, of up to one-half of the stated prison term originally imposed upon the offender." R.C. 2929.19(B)(2)(e).

*Grimes* at ¶ 9.

{¶ 17} If the trial court provides all the required post-release control advisements

at the sentencing hearing, the sentencing entry must then contain the following information in order to validly impose post-release control:

> (1) whether postrelease control is discretionary or mandatory, (2) the duration of the postrelease-control period, and (3) a statement to the effect that the Adult Parole Authority ("APA") will administer the postrelease control pursuant to R.C. 2967.28 and that any violation by the offender of the conditions of postrelease control will subject the offender to the consequences set forth in that statute.

*Grimes* at ¶ 1.

{¶ 18} As previously noted, Harwell first contends that the trial court failed to notify him that post-release control was mandatory for his first-degree-felony kidnapping offenses at both the resentencing hearing and in the amended termination entry. Pursuant to R.C. 2967.28(B)(1), Harwell's kidnapping offenses carried a mandatory five-year term of post-release control. Although not germane to Harwell's argument, we note that unclassified felonies, such as Harwell's felony murder offense, are not subject to post-release control. *State v. Eggers*, 2d Dist. Clark No. 2011-CA-48, 2013-Ohio-3174, ¶ 25-26; *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 36-37. "Rather, an individual sentenced for an unclassified felony is either ineligible for parole or becomes eligible for parole after serving a period in prison." *State v. McCain*, 2d Dist. Montgomery No. 26356, 2015-Ohio-449, ¶ 21, citing *Clark* at ¶ 36.

{¶ 19} With that in mind, we now turn to the trial court's statements at the resentencing hearing regarding post-release control. The trial court stated as follows:

> And as to Count I [felony murder], if the Defendant is ever to be released

from prison by the Adult Parole Authority, this sentence includes parole supervision as determined by the Adult Parole Authority.

As to Count V, kidnapping terrorize/physical harm, F-1, the Defendant *will be supervised by the parole board for a period of five years of post-release control supervision* after his release from imprisonment, should that occur.

As to Count VI [kidnapping], the Court advises the Defendant that you *will be supervised by the parole board for a period of five years of post-release control* after the Defendant's release from imprisonment, should that occur.

(Emphasis added.)   Resentencing Hearing Trans. (Aug. 13, 2015), p. 8.

{¶ 20} The amended termination entry journalizing Harwell's resentencing stated the following with respect to post-release control:

The Court notifies Defendant that, as part of this sentence, on COUNT 1: MURDER (proximate result) (UNCLASS) – 2903.02(B), the Defendant WILL be supervised by the Parole Board for a period TO BE DETERMINED BY THE ADULT PAROLE AUTHORITY, if the Defendant is ever released from imprisonment.

The Court notifies Defendant that, as part of this sentence, on COUNT 5: KIDNAPPING (terrorize/physical harm) (no safe release) (F1) – 2905.01(A)(3), the Defendant *WILL be supervised by the Parole Board for a period of FIVE (5) years Post-Release Control* after the Defendant's release from imprisonment.

The Court notifies Defendant that, as part of this sentence, on COUNT 6: KIDNAPPING (terrorize/physical harm) (no safe release) (F)(1) –

2905.01(A)(3), the Defendant *WILL be supervised by the Parole Board for a period of FIVE (5) years Post-Release Control* after the Defendant's release from imprisonment.

(Emphasis added.) Amended Termination Entry (Aug. 18, 2015), Montgomery County Court of Common Pleas Case No. 2012-CR-2367, p. 3.

{¶ 21} Harwell contends that the trial court's notifications indicating that he "will be supervised by the parole board for a period of five years" were insufficient to impose a mandatory term of post-release control for his kidnapping offenses. In so arguing, Harwell implies that the word "mandatory" was required to be used in the notifications. He is mistaken. As previously noted, the Supreme Court of Ohio has advised that:

The court at a sentencing hearing must notify the offender that he or she "will" or "may" "be supervised under section 2967.28 of the Revised Code after the offender leaves prison if the offender is being sentenced for" a felony. R.C. 2929.19(B)(2)(c) and (d). The offender "will" be supervised if the offender has been convicted of a felony subject to mandatory postrelease control. R.C. 2929.19(B)(2)(c) and 2967.28(B).

*Grimes*, 151 Ohio St.3d 19, 2017-Ohio-2927, 85 N.E.3d 700 at ¶ 9.

{¶ 22} Also, in *State v. Dominguez*, 2d Dist. Montgomery No. 27095, 2017-Ohio-476, we held that post-release control notifications using the same "will" language were in compliance with R.C. 2967.28. In that case, the trial court notified the defendant at the sentencing hearing that he "will be required to serve a period of three years post-release control under the supervision of the parole board" and thereafter issued a termination entry stating that "the defendant will be supervised by the Parole Board for a

period of THREE years Post-Release Control after the defendant's release from imprisonment." *Id.* at ¶ 16-17.

{¶ 23} With these principles in mind, and after undertaking a thorough review of the record, we find that the language used by the trial court during Harwell's resentencing hearing and in the amended termination entry sufficiently notified Harwell that he was subject to a mandatory five-year term of post-release control for his kidnapping offenses. Harwell's claim otherwise is therefore without merit and overruled.

{¶ 24} Harwell next contends that his sentence is partially void because the trial court failed to impose any post-release control for his felonious assault conviction. Although Harwell did not raise this specific claim in his motion for resentencing, the motion nevertheless raises the general issue of whether post-release control was properly imposed. Accordingly, when taking into account concerns regarding judicial economy, under the unique facts and circumstances of this case, we find it prudent to review Harwell's claim at this juncture.

{¶ 25} As previously noted, the trial court imposed an eight-year prison term for felonious assault, a second-degree felony. Pursuant to R.C. 2967.28(B)(2), a mandatory three-year term of post-release control applies to that offense. The trial court, however, failed to impose *any* term of post-release control for felonious assault at the resentencing hearing or in the amended termination entry. Nevertheless, "[i]f an offender is subject to more than one period of post-release control," such as the case here, "the period of post-release control for all of the sentences shall be the period of post-release control that expires last, as determined by the parole board or court." RC. 2967.28(F)(4)(c). In addition, "[p]eriods of post-release control shall be served concurrently and shall not be

imposed consecutively to each other." *Id.*

{¶ 26} Although it was unnecessary for the resolution of the case,[1] in *State v. Sulek*, 2d Dist. Greene No. 09CA75, 2010-Ohio-3919, this court addressed a defendant's claim that the trial court erred in failing to notify him of each term of post-release control that applied to each of the sentences he received for two second-degree felony offenses and one fourth-degree felony offense. *Id.* at ¶ 18. In addressing this claim, we explained that even when a defendant is sentenced to multiple prison terms, only one term of post-release control is actually served and that "[t]he trial court was not required to separately and expressly notify Defendant of the terms of post-release control applicable to each of the three offenses for which prison terms were imposed." *Id.* at ¶ 23, 25. Therefore, we found it sufficient for a trial court to simply notify a defendant of the longest period of post-release control that applies since any other lesser periods of post-release control are subsumed by the greater term. *Sulek* at ¶ 23; *Accord State v. Ramey*, 2d Dist. Montgomery No. 24944, 2012-Ohio-3978, ¶ 10.

{¶ 27} While the aforementioned analysis in *Sulek* is dicta,[2] this court has found it

---

[1] In *Sulek*, we reversed and vacated the sentence imposed by the trial court and remanded the matter for resentencing because the trial court incorrectly notified the defendant that he was subject to a mandatory five-year term of post-release control when a three-year mandatory term actually applied. *Sulek,* 2d Dist. Greene No. 09CA75, 2010-Ohio-3919 at ¶ 16. After reaching this conclusion, we addressed the defendant's argument that the trial court erred in failing to notify him of each term of post-release control that applied to each of his sentences. *Id.* at ¶ 18. Although we recognized that this issue was "rendered moot by our determination of the prior assignments of error," we nevertheless elected to review the issue "in view of the holding in *State v. Reznickchek*, [6th Dist. Lucas] Nos. L-07-1426 and L-07-1427, 2008-Ohio-2384, on which Defendant relies." *Id.*

[2] " 'Dicta includes statements made by a court in an opinion that are not necessary for the resolution of the issues. * * * Dicta is not authoritative, and, by definition, cannot be the binding law of the case.' " *Hicks v. State Farm Mut. Auto. Ins. Co.*, 2017-Ohio-7095,

persuasive and has applied it on multiple occasions. *See, e.g., State v. Kidd*, 2d Dist. Clark No. 2010 CA 109, 2011-Ohio-6323, ¶ 11-12; *State v. Hamby*, 2d Dist. Montgomery No. 24328, 2011-Ohio-4542, ¶ 37-38; *State v. Jones*, 2d Dist. Greene No. 2012 CA 8, 2012-Ohio-4446, ¶ 9. Accordingly, it is well established that when multiple terms of imprisonment are imposed, a notification need specify only the maximum term of post-release control to which the defendant will be subjected as a result. *Id.*

**{¶ 28}** There are, however, other portions of the *Sulek* dicta that we decline to follow, as "[d]icta in one case has no binding effect in other cases." *Hicks v. State Farm Mut. Auto. Ins. Co.*, 2017-Ohio-7095, \_\_\_ N.E.3d \_\_\_, ¶ 52 (2d Dist.), citing *Cosgrove v. Williamsburg of Cincinnati Mgt. Co., Inc.,* 70 Ohio St.3d 281, 284, 638 N.E.2d 991 (1994); *LaSalle Bank Natl. Assn. v. Brown*, 2014-Ohio-3261, 17 N.E.3d 81, ¶ 50-51 (2d Dist.). Specifically we are referring to *Sulek's* analysis of the post-release control notifications given in *State v. Reznickchek*, 6th Dist. Lucas Nos. L-07-1426 and L-07-1427, 2008-Ohio-2384.

**{¶ 29}** In *Reznickchek*, "the trial court imposed prison sentences for each of three offenses: two second-degree felonies, for which a three-year term of post-release control is mandatory, and one third-degree felony, abduction, for which a discretionary term of up to three years is available." *Sulek* at ¶ 19. The trial court in *Reznickchek* "notified the defendant that 'there will be mandatory three years of post-release control' imposed for the two second-degree felonies, but 'failed to inform (the defendant) of post-release control with respect to the abduction offense at the plea hearing or sentencing.' " *Id.*,

---

\_\_\_ N.E.3d \_\_\_, ¶ 52 (2d Dist.), quoting *Gissiner v. Cincinnati*, 1st Dist. Hamilton No. C-070536, 2008-Ohio-3161, ¶ 15.

quoting *Reznickchek* at ¶ 23, 29. In *Sulek*, we found that situation problematic because "the notification was, by its terms, expressly limited to the two second-degree felonies; expressio unius, expression of one thing suggests the exclusion of others." *Id.* at ¶ 24. As a result, we concluded that "the sentence that was imposed on the third-degree felony was void, and resentencing 'for that particular offense' was required." *Id.*, quoting *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, syllabus.

{¶ 30} More recently, however, in *State v. Barber*, 2d Dist. Montgomery No. 27267, 2017-Ohio-7338, we held that sentences are not rendered void merely because the trial court did not impose post-release control sanctions specifically applicable to each of the defendant's multiple convictions. *Id.* at ¶ 25, citing R.C. 2967.28(F)(4)(c). (Other citations omitted.) The defendant in *Barber* was convicted of aggravated robbery, felonious assault, aggravated burglary, kidnapping, disrupting public services, and three counts of attempted aggravated murder. *Id.* at ¶ 3. On appeal, the defendant argued that his sentence was void because the trial court erred in failing to impose post-release control sanctions in connection with his convictions for felonious assault and disrupting public services. *Id.* at ¶ 24. In finding no merit to this argument, we reiterated the principle that " 'when multiple terms of imprisonment are imposed, a notification [need] specify [only] the maximum term of post-release control to which the defendant will be subjected as a result." *Id.*, quoting *Jones*, 2d Dist. Greene No. 2012 CA 8, 2012-Ohio-4446 at ¶ 9. (Other citations omitted.)

{¶ 31} In this case, although the trial court failed to impose the applicable three-year mandatory term of post-release control for Harwell's felonious assault conviction, that term of post-release control is subsumed by the five-year mandatory term of post-

release control that was imposed for his first-degree-felony kidnapping convictions. As previously noted, this is because "the period of post-release control for all of the sentences shall be the period of post-release control that expires last[.]" RC. 2967.28(F)(4)(c). Therefore, because Harwell was notified of the longest term of post-release control that applied to his convictions, we find no error in the trial court's imposition of post-release control.

{¶ 32} For the foregoing reasons, Harwell's First Assignment of Error is overruled.

**Second Assignment of Error**

{¶ 33} Harwell's Second Assignment of Error is as follows:

THE TRIAL COURT ERRED WHEN IT FOUND THAT MULTIPLE OFFENSES AND KIDNAPPING WERE ALLIED OFFENSES OF SIMILAR IMPORT, YET SENTENCED DEFENDANT TO MULTIPLE SENTENCE (sic) FOR A TOTAL OF 32-LIFE.

{¶ 34} Under his Second Assignment of Error, Harwell concedes that the trial court merged several of his offenses as allied offenses of similar import during the resentencing hearing, but contends that the trial court should have merged his offenses even further since he committed the offenses as an ongoing criminal act. We disagree.

{¶ 35} As a preliminary matter, we note that Harwell did not raise any argument concerning the merger of his offenses in his motion for resentencing. "It is a universal principle of appellate procedure that '[a] party who fails to raise an argument in the court below waives his or her right to raise it [on appeal].' " *Cope v. Miami Valley Hosp.*,195 Ohio App.3d 513, 2011-Ohio-4869, 960 N.E.2d 1034, ¶ 36 (2d Dist.), quoting *State ex*

*rel. Zollner v. Indus. Comm.*, 66 Ohio St.3d 276, 278, 611 N.E.2d 830 (1993).

{¶ 36} In addition to being waived, we also find that Harwell's merger argument is barred by res judicata. Under the doctrine of res judicata, "any issue that could have been raised on direct appeal," and yet was not, "is not subject to review in subsequent proceedings." *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 16. "[W]hen a trial court finds that convictions are not allied offenses of similar import, or when it fails to make any finding regarding whether the offenses are allied, imposing a separate sentence for each offense is not contrary to law and any error must be asserted in a timely appeal or it will be barred by principles of res judicata." (Citation omitted.) *State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, 71 N.E.3d 234, ¶ 26. "In contrast, when the trial court concludes that the accused has in fact been found guilty of allied offenses of similar import, imposing separate sentences for those offenses is contrary to law and the sentences are void on the face of the judgment of conviction." *Id.* at ¶ 29. "[A] void sentence can be challenged at any time and is not subject to res judicata." *State v. Smith*, 2d Dist. Montgomery No. 27272, 2017-Ohio-4327, ¶ 6, citing *State v. Vanover*, 2d Dist. Clark No. 2014-CA-80, 2015-Ohio-345, ¶ 8.

{¶ 37} Here, the trial court concluded that Harwell was guilty of allied offenses of similar import, as it merged several of Harwell's offenses at his resentencing hearing. However, there is nothing in the record indicating that the trial court made any allied offense finding on the offenses for which it imposed separate sentences, i.e., felony murder, felonious assault, and the two kidnapping offenses. In other words, there is nothing in the record indicating that the trial court found those four offenses were allied offenses and then failed to merge them for sentencing. If that were the scenario, the

sentences for those offenses would be void and res judicata would not apply. However, that is not what transpired in this case. Accordingly, res judicata applies and bars Harwell from arguing that the trial court erred in merging the felony murder, felonious assault, and two kidnapping offenses.

{¶ 38} That said, even if res judicata did not apply, Harwell's merger argument lacks merit. The record is clear that the offenses for which Harwell was sentenced were not subject to merger under Ohio's allied offense statute, R.C. 2941.25, which provides as follows:

> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
>
> (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶ 39} The standard for determining whether offenses merge as allied offenses of similar import is further explained in *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892:

> As a practical matter, when determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must ask three questions when the defendant's conduct supports multiple

offenses: (1) Were the offenses dissimilar in import or significance? (2) Were they committed separately? and (3) Were they committed with separate animus or motivation? An affirmative answer to any of the above will permit separate convictions. The conduct, the animus, and the import must all be considered.

*Id.* at ¶ 31.

**{¶ 40}** As to the question of import and significance, "two or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable." *Id.* at ¶ 23.

**{¶ 41}** In this case, Harwell was sentenced for one count of felony murder, two counts of kidnapping and one count of felonious assault with a deadly weapon. Harwell's offenses stemmed from him kidnapping two men, Jonathon Lambes and Jason Miller, and firing gunshots at them, which resulted in Miller's death. Harwell's two kidnapping offenses are clearly not allied offenses of similar import because the offenses were committed against two separate victims, Lambes and Miller. Harwell's felony murder and felonious assault offenses also involve separate victims, as the felony murder stemmed from Harwell shooting and killing Miller, whereas the felonious assault stemmed from Harwell firing gunshots at Lambes. Moreover, because kidnapping and felony murder involve separate, identifiable harms—abduction and death—the felony murder and kidnapping of Miller are not allied offenses. Likewise, the kidnapping of Lambes and his felonious assault also involve separate, identifiable harms—abduction and being fired at with a deadly weapon—and thus do not qualify as allied offenses either.

**{¶ 42}** For all the foregoing reasons, Harwell's Second Assignment of Error is overruled.

## Conclusion

**{¶ 43}** Having overruled both assignments of error raised by Harwell, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

HALL, J. and TUCKER, J., concur.


Copies mailed to:

Mathias H. Heck, Jr.
Andrew T. French
Michael D. Harwell
Hon. Mary Lynn Wiseman