[Cite as *State v. Taylor*, 2012-Ohio-2070.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 97690

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# EDWARD TAYLOR

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-502904

**BEFORE:** Keough, J., Jones, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** May 10, 2012

**FOR APPELLANT**

Edward Taylor, pro se
Inmate No. 570-134
P.O. Box #788
Mansfield, OH 44901

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY: Kristen L. Sobieski
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH 44113

KATHLEEN ANN KEOUGH, J.:

**{¶1}** Defendant-appellant, Edward Taylor, appeals the trial court's decision denying his motion to "void his plea contract." For the reasons that follow, we affirm the decision of the trial court.

**{¶2}** In 2009, appellant pled guilty to aggravated murder and attempted murder and received a life sentence with parole eligibility after 30 years. In his direct appeal, Taylor challenged his plea and contended that postrelease control was erroneously imposed because he pled guilty to a nonclassified felony. *See State v. Taylor*, 8th Dist. No. 94569, 2010-Ohio-5607, appeal not allowed, 128 Ohio St.3d 1462, 2011-Ohio-1829, 945 N.E.2d 524 ("*Taylor I*"). This court affirmed his plea, but remanded the case to the trial court for the deletion of postrelease control that was erroneously imposed as part of appellant's sentence. *Id.* On December 1, 2010, the trial court complied with the order from this court by deleting the reference to postrelease control in Taylor's sentence.

**{¶3}** In September 2011, appellant moved the trial court for "specific performance [or] rescission to avoid plea agreement and to set aside the agreement" on the grounds that the imposition of postrelease control voided the plea contract with the State. The trial court denied appellant's motion, and appellant now appeals.

{¶4} Appellant's assignment of error states: "The trial court abuses its discretion in denying a defendant's motion to rescind a void contract when there is a hard and fast rule in place that plea agreements are contractual in nature and thus subject to contract law."

{¶5} In this appeal, Taylor attempts to challenge his plea based on contract law. In his motion filed with the trial court, he argued that rescission of his plea agreement is proper because the error made by the trial court in imposing postrelease control voided the entire plea agreement.

{¶6} We find that the motion Taylor filed with the trial court is an attempt to withdraw his plea, postconviction. Absent an abuse of discretion, an appellate court will not reverse a trial court's decision denying a post-sentence motion to withdraw a guilty plea. *State v. Smith*, 49 Ohio St.2d 261, 264, 361 N.E.2d 1324 (1977). A post-sentence withdrawal of a plea is permitted "to correct manifest injustice." Crim.R. 32.1. A defendant who seeks to withdraw a plea of guilty after the imposition of sentence has the burden of establishing the existence of manifest injustice. *Smith* at paragraph one of the syllabus. In this case Taylor has not demonstrated that manifest injustice occurred in removing the period of postrelease control from his sentence; thus, his argument must fail.

{¶7} Furthermore, the arguments raised herein were presented by Taylor and rejected by this court in his direct appeal. In *Taylor I*, appellant argued as an assigned error that his plea was invalid because the trial court erroneously informed him that he

would be subject to postrelease control. *Taylor*, 8th Dist. No. 94569, 2010-Ohio-5607, ¶ 6. This court, in upholding his plea but remanding for deletion of postrelease control from appellant's sentence, stated:

> Although Taylor is correct in arguing that he is not subject to postrelease control, *see State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, at ¶ 36, and that the court violated Crim.R. 11, the error was nonprejudicial. In *State v. Anderson*, 8th Dist. No. 92576, 2010-Ohio-2085, we considered the same argument on similar facts and found that Anderson failed to show that he suffered any prejudice from misinformation in a plea colloquy relating to postrelease control for a nonclassified felony because there was no indication that he would have pleaded differently had he been informed correctly. *Id.* at ¶ 29-30. Indeed, it is difficult to imagine any case in which a defendant, wrongfully advised of the possibility of postrelease control, could colorably argue that he would not have pleaded guilty if postrelease control was not a part of the sentence. Offenders tend to object to the imposition of postrelease control; they do not seek it out. Taylor was not only fully advised as to his sentence, he agreed to it. He shows no prejudice from the court's error.
>
> We do find, however, that the reference to postrelease control should be deleted from the court's sentencing entry, so we remand for the limited purpose of allowing the court to correct the sentencing entry. *Id.* at 29. The assigned errors are overruled. *Id.* at ¶ 7-8.

**{¶8}** Accordingly, the assigned error raised by Taylor is barred by res judicata, which precludes the further litigation in a criminal case of issues that were raised previously in a direct appeal. *State v. Leek*, 8th Dist. No. 74338 (June 21, 2000), citing *State v. Perry*, 10 Ohio St.2d 175, 180, 226 N.E.2d 104 (1967). Appellant's assignment of error is overruled.

**{¶9}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, JUDGE

LARRY A. JONES, SR., P.J., and
SEAN C. GALLAGHER, J., CONCUR