[Cite as *State v. Taylor*, 2018-Ohio-4861.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 106598

---

### STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

### EDWARD TAYLOR

DEFENDANT-APPELLANT

---

### JUDGMENT:
### REVERSED AND REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-07-502904-A

**BEFORE:** Jones, J., McCormack, P.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** December 6, 2018

**FOR APPELLANT**

Edward Taylor, pro se
Inmate No. A570134
Grafton Correctional Institution
2500 South Avon Belden Road
Grafton, Ohio 44044


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

BY: Mary McGrath
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113


LARRY A. JONES, SR., J.:

{¶1} Defendant-appellant Edward Taylor ("Taylor"), pro se, appeals the trial court's November 28, 2017 judgment denying his motion for correction to judgment of conviction and to issue a final, appealable order. For the reasons that follow, we reverse and remand for resentencing.

{¶2} This is Taylor's second appeal to this court on this case. The first appeal was *State v. Taylor*, 8th Dist. Cuyahoga No. 94569, 2010-Ohio-5607 ("*Taylor I*"). As set forth in his first appeal, Taylor pleaded guilty to aggravated murder and attempted murder, in exchange for the state dropping capital murder specifications against him. *Id.* at ¶ 1. The trial court sentenced him to an agreed life sentence with the possibility of parole after 30 years. *Id.*

{¶3} Taylor appealed, challenging his plea on the grounds that (1) it should have been taken by a three-judge panel, rather than by one judge; (2) the trial court failed to inform him of

the effect of the plea; and (3) the trial court erred by informing him that he would be subject to postrelease control. *Id.* A panel of this court found no merit to Taylor's first two contentions. *Id.* at ¶ 2, 5. In regard to his third contention, the panel found as follows:

> Although Taylor is correct in arguing that he is not subject to postrelease control, *see State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, at ¶ 36, and that the court violated Crim.R. 11, the error was nonprejudicial. In *State v. Anderson*, 8th Dist. [Cuyahoga] No. 92576, 2010-Ohio-2085, we considered the same argument on similar facts and found that Anderson failed to show that he suffered any prejudice from misinformation in a plea colloquy relating to postrelease control for a nonclassified felony because there was no indication that he would have pleaded differently had he been informed correctly. *Id.* at ¶ 29-30. Indeed, it is difficult to imagine any case in which a defendant, wrongfully advised of the possibility of postrelease control, could colorably argue that he would not have pleaded guilty if postrelease control was not a part of the sentence. Offenders tend to object to the imposition of postrelease control; they do not seek it out. Taylor was not only fully advised as to his sentence, he agreed to it. He shows no prejudice from the court's error.

*Taylor I* at ¶ 7.

{¶4} Because *Taylor I* found that the trial court's advisement about the possibility of postrelease control was error, albeit, nonprejudicial error, the panel determined that the "reference to postrelease control should be deleted from the court's sentencing entry," and therefore remanded the case to the trial court for the "limited purpose of allowing the court to correct the sentencing entry." *Id.* at ¶ 8.

{¶5} On remand, the trial court issued a judgment entry, stating in relevant part that "pursuant to mandate of the Eight[h] District Court of Appeals, sentencing entry of 5/26/09 is amended to delete reference to postrelease control." Taylor, pro se, then filed a "motion pursuant to R.C. 2929.191(C) for correction to judgment of conviction concerning postrelease control and to issue a final appealable order." The trial court denied the motion; Taylor now appeals, presenting the following two assignments of error for our review:

I. A trial court abuses it's [sic] discretion to issue a final appealable [order] when it's [sic] judgment entry is in violation [of] *State v. Barker* (2008), 119 Ohio St.3d 197, one document rule, and *State v. Lester*, 130 Ohio St.3d 303, when the sentencing entry fails to set forth the sentence.

II. A trial court abuses it's [sic] discretion to correct a postrelease control error pursuant to R.C. 2929.191(C), when the trial court failed to impose postrelease control for a felony of the first degree pursuant to R.C. 2967.28(B).

**{¶6}** We find the second assignment of error dispositive of this appeal. In his second assignment of error, Taylor contends that the trial court abused its discretion by failing to impose postrelease control when it issued its new sentencing judgment entry on remand from this court.

**{¶7}** When sentencing a felony offender to a term of imprisonment, a trial court is required to notify the offender at the sentencing hearing about postrelease control, and is further required to incorporate that notice into its sentencing entry. *State v. Grimes*, 151 Ohio St.3d 19, 2017-Ohio-2927, 85 N.E.3d 700, ¶ 8, citing *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, ¶ 6, 17, 23; *State v. Bach*, 2d Dist. Montgomery No. 27246, 2017-Ohio-7262, ¶ 9; *State v. Renner*, 2d Dist. Montgomery No. 24019, 2011-Ohio-502, ¶ 15.

**{¶8}** R.C. 2967.28 governs, in part, the period of postrelease control for certain offenders. Subsection (F)(4)(a) of the statute provides as follows:

(4) Any period of post-release control shall commence upon an offender's actual release from prison. If an offender is serving an indefinite prison term or a life sentence in addition to a stated prison term, the offender shall serve the period of post-release control in the following manner:

(a) If a period of post-release control is imposed upon the offender and if the offender also is subject to a period of parole under a life sentence or an indefinite sentence, and if the period of post-release control ends prior to the period of parole, the offender shall be supervised on parole. The offender shall receive credit for post-release control supervision during the period of parole. The offender is not eligible for final release under section 2967.16 of the Revised Code until the post-release control period otherwise would have ended.

**{¶9}** Thus, under R.C. 2967.28(F)(4)(a) Taylor was not subject to postrelease control for

his aggravated murder conviction. However, Taylor's attempted murder conviction, a first-degree felony, carried a mandatory five-year period of postrelease control. R.C. 2967.28(B)(1).[1] "R.C. 2967.28(F) does not say that postrelease control is inapplicable to a definite sentence when an indefinite or life sentence is also imposed." *State v. Seals*, 2d Dist. Clark No. 2009 CA 4, 2010-Ohio-2843, ¶ 78. Rather, R.C. 2967.28(F) discusses how postrelease control is served when an offender is *also* subject to parole under an indefinite or life sentence. *State ex rel. Carnail v. McCormick*, 126 Ohio St.3d 124, 2010-Ohio-2671, 931 N.E.2d 110, ¶ 20 ("Under R.C. 2967.28(F), the presence of an indefinite and a definite sentence does not eliminate the postrelease-control requirement[.]").

{¶10} Accordingly, when a life or indefinite sentence is imposed, the trial court must still inform a defendant of the applicable postrelease control regarding the definite sentence. *See id.*; *State v. Rogers*, 12th Dist. Fayette No. CA2004-06-014, 2005-Ohio-6693, ¶ 35-37 (finding trial court's failure to inform defendant, who was convicted of aggravated murder and tampering with evidence, of postrelease control required the sentence be vacated and the case remanded for resentencing). *See also State v. Amison*, 8th Dist. Cuyahoga No. 86279, 2006-Ohio-560, ¶ 21 (Cooney, J., dissenting).

{¶11} Thus, despite the implications of the sentence imposed on Taylor's aggravated murder conviction, the trial court was nevertheless required to inform him that he would be placed on postrelease control for attempted murder. Because Taylor was subject to a mandatory five-year term post-release control for attempted murder, the trial court erred in failing to inform him of that postrelease control requirement.

---

[1]The statute provides in relevant part that "[e]ach sentence to a prison term for a felony of the first degree * * * shall include a requirement that the offender be subject to a period of post-release control imposed by the parole board after the offender's release from imprisonment. * * * For a felony of the first degree * * *, five years[.]"

{¶12} Therefore, "that part of the sentence * * * is void and must be set aside." *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 26; *see also State v. Brown*, 8th Dist. Cuyahoga No. 95086, 2011-Ohio-345, ¶ 8 ("Where a defendant has been convicted of both an offense that carries mandatory postrelease control and an unclassified felony to which postrelease control is inapplicable, the trial court's duty to notify of postrelease control is not negated.").

{¶13} However, the new sentencing hearing to which Taylor is entitled to is limited to the issue of postrelease control on his attempted murder conviction. *Fischer* at ¶ 29. Res judicata still applies to the other aspects of the merits of the conviction, including the determination of guilt and the lawful elements of the ensuing sentence. *Id.* at ¶ 40.

{¶14} The first assignment of error is moot in light of our disposition of the second assignment of error.[2] App.R. 12(A)(1)(c).

{¶15} Case reversed remanded for a sentencing hearing limited to the issue of postrelease control.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

[2]We note that the trial court's judgment of conviction that it entered after the first remand was not compliant with Crim.R. 32(C) and *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142. However, because the trial court will have to enter a new judgment on the remand for this case, the issue is moot.

_____
LARRY A. JONES, SR., JUDGE

TIM McCORMACK, P.J., and
EILEEN T. GALLAGHER, J., CONCUR
KEYWORDS: