[Cite as *State v. Taylor*, 2020-Ohio-3806.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | No. 109053 |
| v. | : | |
| EDWARD TAYLOR, | : | |
| Defendant-Appellant. | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED
**RELEASED AND JOURNALIZED:** July 23, 2020

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-07-502904-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Daniel T. Van, Assistant Prosecuting Attorney, *for appellee.*

Edward Taylor, *pro se.*

MARY J. BOYLE, P.J.:

{¶ 1} Defendant-appellant, Edward Taylor, appeals the trial court's September 11, 2019 sentencing entry. This is Taylor's fifth appeal from his 2009

aggravated murder and attempted murder convictions. He raises three assignments of error for our review:

> 1. The trial court erred to the prejudice of appellant when it imposed [postrelease] control on count one, aggravated murder.
>
> 2. The trial court erred to the prejudice of appellant when it vacated its sentence on count three and imposed [postrelease] control on count three attempted murder without first entering sentence on count three.
>
> 3. The trial court erred to the prejudice of appellant by imposing multiple sentences in its numerous judgment entries of conviction without vacating its prior judgment entries of conviction and sentence.

{¶ 2} After review, we find that there is not a final appealable order in this case and dismiss the appeal.

{¶ 3} In 2009, Taylor pleaded guilty to aggravated murder in violation of R.C. 2903.01(A) and attempted murder in violation of R.C. 2923.02 and 2903.02(A). The trial court sentenced Taylor to an agreed life sentence with the possibility of parole after 30 years. This court upheld Taylor's convictions on direct appeal but found that the trial court erred when it imposed postrelease control for aggravated murder. *State v. Taylor*, 8th Dist. Cuyahoga No. 94569, 2010-Ohio-5607, ¶ 7 ("*Taylor I*"). We remanded to the trial court for the purpose of correcting the sentencing entry to reflect that Taylor will not be subject to postrelease control for aggravated murder. *Id.* at ¶ 8.

{¶ 4} In September 2011, Taylor moved the trial court to "void his plea contract," arguing that the improper postrelease control term for the unclassified felony of aggravated murder rendered his plea void. The trial court denied the

motion, and this court affirmed. *State v. Taylor*, 8th Dist. Cuyahoga No. 97690, 2012-Ohio-2070 ("*Taylor II*").

{¶ 5} Upon remand from *Taylor I*, the trial court issued a judgment stating: "Sentencing entry of 5/26/09 is amended to delete reference to postrelease control." Taylor challenged the new sentence issued on remand, arguing that postrelease control was not properly imposed. On appeal, this court clarified that "Taylor was not subject to postrelease control for his aggravated murder conviction. However, Taylor's attempted murder conviction, a first-degree felony, carried a mandatory five-year period of postrelease control. R.C. 2967.28(B)(1)." *State v. Taylor*, 8th Dist. Cuyahoga No. 106598, 2018-Ohio-4861, ¶ 9 ("*Taylor III*"). We issued the following limited remand in *Taylor III*:

> [T]he new sentencing hearing to which Taylor is entitled to is limited to the issue of postrelease control on his attempted murder conviction. [*State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332,] ¶ 29. Res judicata still applies to the other aspects of the merits of the conviction, including the determination of guilt and the lawful elements of the ensuing sentence.

*Id.* at ¶ 40.

{¶ 6} The trial court held a resentencing hearing in February 2019. During this resentencing hearing, the trial court correctly advised Taylor that although his aggravated murder conviction did not carry a term of postrelease control, he was subject to a mandatory five-year period of postrelease control on the attempted murder conviction. However, the court's February 28, 2019 sentencing entry stated that for Count 3, attempted murder, "[p]ostrelease control is part of this prison

sentence for up to 5 years mandatory[.]" Taylor appealed from the February 28, 2019 sentencing entry, which was Taylor's fourth appeal. *See State v. Taylor*, 8th Dist. Cuyahoga No. 108320, 2019-Ohio-4357 ("*Taylor IV*").

{¶ 7} During the pendency of *Taylor IV*, this court remanded the case for the issuance of a nunc pro tunc sentencing entry to comply with *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, and Crim.R. 32, which the court did on September 11, 2019. After issuing the nunc pro tunc entry, the common pleas court sent the case back to this court. Before we issued our decision in *Taylor IV*, however, which we did on October 24, 2019, Taylor filed a notice of appeal of the trial court's September 11, 2019 nunc pro entry. It is this nunc pro tunc entry that is the subject of the present appeal (Taylor's fifth appeal). However, a sentencing entry that is corrected by a nunc pro tunc entry to reflect what actually occurred at the sentencing hearing "does not extend the time for filing an appeal from the original judgment of conviction and does not create a new final, appealable order." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 31, citing *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142. We must therefore dismiss this appeal.

{¶ 8} Nonetheless, for the sake of a complete discussion, we note that we went on to hold in *Taylor IV*:

> Taylor argues that the trial court erred in imposing postrelease control "up to" five years on his conviction for attempted murder.
>
> The offense of attempted murder carries a mandatory five-year term of postrelease control. *See* R.C. 2967.28(B)(1) (a period of postrelease

control for a felony of the first degree shall be five years). Here, the journal entry for the resentencing on remand incorrectly states that "post release control is part of this prison sentence for up to 5 years mandatory[.]" However, the state advises this court, and the transcript reflects that correct information was provided to Taylor during the February 28, 2019 hearing on remand. The trial court stated:

[F]or your attempted murder conviction, which is a first degree felony, there's a mandatory five-year period of post-release control pursuant to Revised Code 2967.28(B)(1).

Accordingly, the sentencing entry may be corrected by a nunc pro tunc entry pursuant to R.C. 2929.191(C) without a new sentencing hearing. *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718, ¶ 15.

{¶ 9} Upon remand, the trial court issued another nunc pro tunc entry on February 21, 2020, properly notifying Taylor that he would be subject to a mandatory period of postrelease control for his attempted murder conviction. We note that this sentencing entry corrects the issue that Taylor raises in his first assignment of error in the present appeal, which the state also concedes was an error.

{¶ 10} Appeal dismissed.

It is ordered that appellee recover from appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY J. BOYLE, PRESIDING JUDGE

PATRICIA ANN BLACKMON, J., and
LARRY A. JONES, SR., J., CONCUR